R. N. Voss v. C. V. Terrell, Co. Attorney.

No. 2405.

**Election Under Local Option Law—Sufficiency of Notice.**

The general election statute (Title 34, Revised Statutes) provides, in article 1685, that where any election is ordered, at least twenty days' notice of the same shall be given by posted notices, and in article 1759 declares that the provisions of this title shall apply to all elections, "where not otherwise provided by law;" while the local option law (Title 63, Revised Statutes), authorizing a local option election to be held as early as fifteen days after it is ordered, provides, in article 3230, that the county clerk shall post at different places within the proposed limits at least five copies of the order for such election at least twelve days prior thereto, which election shall be held in conformity with the general election laws of the State, etc. Held, that notice of a local option election by posting five copies of such order for twelve days, as required by article 3230, is sufficient. Hunter, Associate Justice, dissenting.

APPEAL from Wise. Tried below before Hon. J. W. PATTERSON.

*R. E. Carswell,* and *Bullock & Tankersly,* for appellant.—The election in question being a special election, it was necessary to its validity that notice of the time and places and question to be voted on should have been posted at each election precinct for twenty days prior to the election as required by article 1685, Revised Statutes. Rev. Stats., art. 1685; Art. 3230, Supp. Sayles' Civ. Stats.; Kimberly v. Morris, 31 S. W. Rep., 810; Ex parte Kennedy, 23 Texas Crim. App., 77; Barry v. Louk, 5 Cald. (Tenn.), 588; Marshall v. Kerns, 2 Swan (Tenn.), 68; Morgan v. Gloucester, 44 N. J. Law, 138.

*McMurray & Gose,* and *Slaton & Wharton,* for appellee.—The election in question, being a special election, it was necessary to its validity that notice of the time and places and questions to be voted on should have been posted at each election precinct for twenty days prior to the election as required by article 1685, Revised Statutes. Appellant's above proposition is untenable for that, the statute, in the act of 1893, article 3230, provides for the notice and provides for only five copies of the notice. This is the notice required under the local option law. We respectfully submit that, under the local option law, the five notices was all the notices that is required to be given. Ex parte White, 28 S. W. Rep., 543-4; Hannah v. Sheppard, 25 S. W. Rep., 137; Kennedy's case, 23 Texas Crim. App., 77; Segar's case, 32 Texas Crim. App., 553; McCrary on Election, sec. 127-128; Cooly Const. Lim., 759; Wheat v. Smart, 7 S. W. Rep., 165.

STEPHENS, ASSOCIATE JUSTICE.—The judgment in this proceeding, which was instituted to contest a local option election in Wise

County, was affirmed on the original hearing in an oral opinion, Hunter, Associate Justice, filing a written dissent. By both written and oral argument in support of this motion, counsel for appellant persists in the contention that that election should be set aside. On account of this persistent and earnest insistence on the part of able counsel, and the dissent of Justice Hunter, we have concluded in this instance to depart from the practice adopted soon after the organization of this court, in order to relieve the congestion of our docket and avoid an unnecessary multiplication of published decisions, of writing opinions only in those cases where the statute made it obligatory. We proceed then to state, briefly, our conclusions in writing.

The election in question was held after the posting for twelve days of the requisite number of copies of the order of election as provided in the local option statute (Rev. Stats., art. 3230), but without giving the twenty days' notice as provided in the general election law (article 1685). The article last cited is found in a chapter of the general election statute succeeding articles which provide for the election of various State and county officers. This chapter also contemplates other elections, but makes no mention of local option elections, which were elsewhere expressly provided for, under title 63 of the Revised Statutes, but not under title 34, which embraces the several chapters on the subject of elections generally.

According to all the rules of construction, the language in article 1685, "Where any election is ordered, at least twenty days' notice," etc., should be interpreted with reference to the various elections provided for in that chapter and under that title, and not to elections provided for and regulated under a different title. But we are not left to rules of construction merely. The very last article (1759) of the general election title itself declares the applicability of the provisions under that title (including article 1685), as follows: "The provisions of this title shall apply to all elections, whether for officers or for other purposes, where not otherwise provided by law." Thus, by the express terms of the general election statute itself, the provisions under that title (34) only have application to elections not otherwise (as in title 63) provided for.

The question then is, did the local option statute in providing for elections of that class prescribe what notice should be given? If so, there can be no escape from the conclusion that the general election statute, by its very terms and provisions, is excluded, except in so far as its provisions were expressly adopted by the local option law. The local option statute has always provided the kind and length of notice to be given of elections thereunder. Originally it required copies of the order of election to be posted twenty days before the election, though authorizing the election to be held as early as fifteen days after it was ordered. This conflict was considered and declared by the Court of Appeals, and soon thereafter the change was made by the Legislature from twenty to twelve days. Obviously, the purpose of the change was to eliminate this con-

flict. To hold now that a local option election may be ordered and held fifteen days after the order is made, as the statute (article 3229, as amended in 1893) provides, but that twenty days' previous notice thereof must be given, is to hold that the Legislature re-enacted an absurdity, after their attention had been called thereto. The more reasonable construction would be, that they reduced the time from twenty to twelve days to avoid such absurdity, seeing that twenty into fifteen will not go.

The only possible escape from this conclusion is through the still more unreasonable one, that it was not the purpose of article 3230 to give notice to the voters in requiring the clerk to "post or cause to be posted at least five copies of said order [provided for in preceding section] at different places within the proposed limits, for at least twelve days prior to the day of election." True, it is not there called notice, though in other parts of the act, where it is evidently referred to, the term notice is used. Articles 3227, 3229. The copies of the order are required to be "posted." The verb post is defined in Webster's Dictionary as follows: "To attach to a sign-post or other usual place of affixing public notices; to advertise; as, to post a notice." That such posting was intended to be notice or nothing is so plain, we think, that he who runs may read. Should this requirement of the statute not be properly complied with, the remedy is given in article 3239a, under which this proceeding is had.

In further confirmation of the view here maintained, the general election statute prohibits the creation of an election precinct out of parts of two justice precincts, but no such restriction is found in the local option statute in providing for the designation of subdivisions of the county and fixing voting places therein. To this feature of the amended local option statute the general election law as to election precincts, and consequently the provisions for notices of elections therein, hardly seems applicable.

Furthermore, as the Court of Criminal Appeals is the tribunal that must ultimately determine the validity of local option laws, and as we understand it to have adopted the construction here given, we think its decisions ought to be followed by this court. Winston v. State, 32 Texas Crim. App., 59. The law was upheld in the case just cited, though the election was held less than twenty days after it was ordered, precluding thereby the possibility of twenty days' notice. It is urged, however, that the point was not directly raised. True, it does not appear that either the counsel or the court saw fit to discuss it, but it was necessarily involved in the decision. It was too obvious to have escaped attention, and the reasonable construction should be, we think, that it was not then deemed of the magnitude to which it has recently grown.

The expressions in the opinion of Chief Justice Lightfoot in Himberly v. Morris, 31 S. W. Rep., 810, were dicta, and seem to have been made incidentally merely, without any particular examination of the question.

We adhere to the conclusions heretofore announced orally, and over-rule the motion.

*Motion overruled.     Judgment affirmed.*

Delivered February 14, 1896.


DISSENTING OPINION.

HUNTER, ASSOCIATE JUSTICE.—A majority of the court have con-cluded to affirm the judgment in this case by an oral opinion, to which I cannot assent, for the reasons following:

The proceeding was instituted on October 16, 1895, by R. N. Voss, a qualified voter of Wise County, in the District Court of said county, to contest a local option election held in said county on the 7th day of Sep-tember, 1895.  C. V. Terrell, the county attorney, was made contestee and answered.  The Commissioners Court, upon canvassing the returns, declared the vote in favor of local option by a plurality of 163 votes.

The grounds of contest were, that the notice required by article 1685 of the Revised Statutes to be posted in each election precinct for twenty days prior to the election was not given, but that instead thereof only five copies of the order of the Commissioners Court were posted in dif-ferent places in the county, and that such notices were only posted twelve days before the election, as provided in article 3230, and that by reason thereof many voters were deprived of the privilege of voting in said election, and that said election was void.

I think that the failure to post the notices of election required by article 1685 of Sayles' Civil Statutes, renders the election void.  I have come to this conclusion with reluctance, because in this case the petition shows on its face that nearly the entire vote of the county, as compared with a previous election held in the same year, was cast; and there is nothing in the record that indicates to me that there was the slightest unfairness or fraud in the election, but that an ordinarily full and fair expression of the will of the people of Wise County was reflected by the vote polled.  Yet the petition shows that 717 qualified electors of the county failed to vote (the whole number in the county is alleged to have been 4933), including one entire voting precinct, containing forty-eight qualified electors, and alleges that this diminution in the vote was by reason of the failure to post notices in all the voting precincts, as re-quired by article 1685.

If this had been a general election, where the time and place for voting is fixed by law, it would be different; but being a special election, where-in the time and place of voting were fixed by the order of the Commis-sioners Court, the law requiring notice to be given is, in my opinion, mandatory, and cannot be dispensed with.  McCrary on Elections, secs. 145, 150.

The law of Texas regulating general elections provides: "Where any

election is ordered, at least twenty days' notice of the same shall be given by notice posted up at the place or places designated for holding the election in each election precinct, specifying the time at which such election will be held and the officer or officers to be chosen or the question to be voted upon, or both, as the case may be; and it is hereby made the duty of the county judge of each county, or in case of vacancy in that office or inability or failure to act, then any two of the county commissioners, to have said notices of election posted as required by this article. Provided, that in case a vacancy shall occur in the senate or house of representatives during a session of the Legislature, then ten days' notice of a special election to fill such vacancy shall be sufficient notice of said election." Sayles' Supp. Civ. Stat., article 1685; Act of February 25, 1891.

It will be observed that this article embraces every election that is ordered. It also in terms requires notice of the election to be given. It prescribes that the notice is given by posting up notices at the place or places designated for holding the election in each election precinct. It specifies what the notice shall contain, that is, "the time at which such election shall be held and the officer or officers to be chosen, or the question to be voted upon, or both, as the case may be;" and it is then made the duty of the county judge or two commissioners to have said notices posted as required.

It is contended that this article does not apply to elections held under the local option statute, but that article 3230 prescribes the only notice to be given in such cases, and that, this being a special statute on local option elections, must be held to govern the question of notice, and if in conflict with the general statute on elections, must prevail.

Article 3230 reads as follows: "The clerk of said court shall post, or cause to be posted, at least five copies of said order at different places within the proposed limits, for at least twelve days prior to the day of election, which election shall be held and the returns thereof made in conformity with the provisions of the general election laws of the State, and by the officers of election appointed and qualified under such laws."

This article does not, by its terms, relate to the subject of notice at all. It does not prescribe, as article 1685 does, that "notice shall be given by posting up notice," etc. It is addressed to a different officer, to the clerk of the County Court. It requires him to post or cause to be posted copies of the order in five different places "within the proposed limits," which must be complied with where the election is being held in one precinct, and no more is required if being held over the entire county, which may have, as in this case, twenty-six precincts, or even more. The article does not prescribe where the copies shall be posted. As printed in the Revised Statutes, it provided that they should be posted in "five different public places," but the word "public" is not found in the present law under which this election was held. In striking out the word "public," the Legislature evidently intended that they might be posted in private places, or, at all events, left it to the discretion of the

clerk to post them where he might choose, so they were posted in different places. It is unreasonable to suppose that the Legislature intended this article to take the place of article 1685, and that only such notice should be given as the county clerk might see fit to give by posting these notices wherever his bias or prejudice might dictate or his interest incline. The importance of such elections and the deep interest always manifested by the people therein, make it more reasonable to believe that the posting of these copies by the clerk was intended to furnish additional information and more in detail than that given by the formal notice required to be posted at the voting place in each precinct, as required by article 1685.

Article 3239a provides: "At any time within thirty days after the result of the election has been declared, any qualified voter of the county, justice precinct, or subdivision of such county, or in any town or city of such county in which such election has been held, may contest the said election in any court of competent jurisdiction, in such manner as has been or may hereafter be prescribed; and should it appear from the evidence that the election was illegally or fraudulenty conducted, or that by the action, or want of action, on the part of the officers to whom was intrusted the control of such election, such a number of legal voters were denied the privilege of voting as, had they been allowed to vote, might have materially changed the result, or if it appears from the evidence that such irregularities existed as to render the true result of the election impossible to be arrived at, or very doubtful of ascertaining, the court shall adjudge said election to be void, and shall order the proper officer to order another election to be held, and shall cause a certified copy of such judgment and order of the court to be delivered to such officer upon whom is devolved by law the duty of ordering such election." Gen. Laws 1893, p. 51.

I think that an election under the local option statute, held without notice, would be "illegally conducted;" that the verb "conducted" was intended to apply to and express the acts necessary to the holding of the election, from the time the order of the Commissioners Court is made therefor to the order declaring the result. Any other construction of this article might leave the people wholly without remedy against illegal and fraudulent conduct of those intrusted with the control of elections. It does not mean simply that if the voting is illegally or fraudulently conducted, the election may be contested; but if the "election" has not been conducted legally, or if there has been any fraud affecting a full and fair expression of the .will of the people, it may be contested. An election held without any notice would certainly be illegal, and a fraud upon the franchise of suffrage, and unless the notice required by law is given, in the case of special elections, where the time and place of holding, or either, is fixed by an order of court, and not by general law, it is the same as if no notice were given.

I have been unable to find in any case decided by the courts of Texas where this question has been directly raised and passed upon. In Ken-

nedy's Case, 23 Texas Crim. App., 77, it was objected that the election was void because no election was held in precinct number 6, nor was an opportunity offered the people of that precinct to vote at the election.

In stating that case, the court say: "Preparatory to the local option election, it is shown by the statement of facts that no notice of the election of any kind was posted in justice precinct number 6, the one in which Durham's voting place is situated; and no writ of election, or copies of form of returns, or any authority to hold the election of any kind, was ever delivered to the presiding officer of said voting place; and no such writ or authority or forms were delivered to any voter residing nearest said election precinct or voting place."

It was also objected that of the five notices required by law, two were posted in one precinct. The court say this was immaterial, so they were posted in public and different places (the law then requiring them to be posted in "public" as well as different places).

After discussing and citing authorities on the difference between a general and special election, the court in summing up their conclusions, say: "It will thus be seen that, though the five notices required by the local option law may be held sufficient as notice of said election, yet the failure to do anything else, or to comply with any other requisite of the law that may be essential in the furtherance of such election according to the laws, will, if the election be a special one, render it nugatory and void, if thereby electors sufficient to have changed the result were deprived of the right to vote at said election. When a special or local election is to be held, then all the requirements of the law must be, substantially at least, if not literally, complied with."

The election was held void in that case because the election writs and forms of returns were not sent out to the officers who were appointed to hold the election in that precinct, but what I desire to note is, that there are expressions in the report of the case that indicate that the election notices required by the general election law had probably been sent and posted in every precinct but number 6, as complaint was made that no notice was posted in that precinct, when there were twenty-four precincts in the county, and one each of the "five copies" could not have been posted in all the other twenty-three.

In Kimberly v. Morris, 31 S. W. Rep., 810, Chief Justice Lightfoot, in delivering the opinion of the court, says: "It is urged that the local option law is void, in that it does not require that the notices thereof shall be posted in public places. This objection is not well taken. The provisions of this statute are cumulative of, and not in conflict with, the general election laws which must be complied with."

Judge Cooley says: "Where time and place for an election are fixed or prescribed by law, every voter must take notice of the law and deposit his ballot at the time and place appointed, notwithstanding the officer whose duty it is to give notice of the election has failed in that duty. * * * but this would not be the case if either the time or place were not fixed by law, so that notice becomes essential for that purpose." Cooley

on Const. Lim. (4 ed.), 759. This is quoted as above as the law by Judge White in Kennedy's Case, supra. See also, McKune v. Weller, 11 Cal., 49.

The petition in this case averred that only the five copies prescribed by article 3230 of the local option law were posted in the county, and that the notices of election required by article 1685, general election laws, were not posted.

The court below, upon demurrer, held that this petition showed that all the notices required by law were given, and that the notices of election required by article 1685 to be posted by the county judge at each voting place were not necessary in local option elections, and the demurrer was therefore sustained.

I think this was error, and that the judgment ought to be reversed and the cause remanded.

Filed January 18, 1896.