MAMIE MARTIN, EXECUTOR, ET AL. v. SAMUEL J. SMITH ET AL.

Decided May 16, 1900.

**Probate of Will—Return of Citation—Presumption.**

Article 1864, Revised Statutes, requires that the citation in probate proceedings shall be served by posting at three of the most public places in the county, no two of which shall be in the same city or town; and article 1904 provides that, before admitting a will to probate, it must be proved to the satisfaction of the court that the citation has been served in the manner required by law. The sheriff's return on a citation in a proceeding to probate a will specified the three places where it was posted, but without stating or showing on the face of the return that they were three of the most public places in the county, and that no two of them were in the same city or town. Held, that the statute clearly indicated that the sheriff's return was not of itself to determine the sufficiency of the service, and that, since the return in this case did not negative a complete compliance with the law, and plaintiffs seeking to vacate the probate of the will based on such service and return did not allege or prove that the service was in fact not in compliance with the law, it would be presumed in favor of the judgment of the County Court, which is one of general jurisdiction in probate matters, that due service of the citation was had, and that the court so determined.

APPEAL from Bexar. Tried below before Hon. J. L. CAMP.

*Clark, Ball & Fuller,* for appellants.

*C. A. Keller* and *Mason Williams,* for appellees.

JAMES, CHIEF JUSTICE.—The petition, upon which the case was heard, was originally filed in the County Court of Bexar County (from which court an appeal was taken to the District Court), and alleged in substance the following: That petitioners (appellants here) are the children of George Smith, a brother of the decedent W. B. Smith. That said W. B. Smith died in January, 1898. That he left an estate in Texas of the probable value of $9000, and that on March 22, 1898, Samuel J. Smith procured an order of the County Court of Bexar County admitting to probate a will of said W. B. Smith, setting forth its terms. This will simply provided that Samuel J. Smith should take charge of his money, real and personal property, and divide same equally among his brothers and sisters, naming the appellees, and not naming appellants.

That said order appointed Samuel J. Smith the executor of the estate, who gave bond and took possession of the property. The petition alleged that said order is invalid for the reason that no notice of the application to probate the instrument and for letters testamentary was posted as required by law, in that the law requires same to be posted for ten days, exclusive of the day of posting, in three of the most public places in the county, one of which shall be at the courthouse door, and no two in the same city; and the return of the sheriff upon its face shows that this provision of law was not complied with, in that it shows that copies were by him posted in three public places in the county, one of which

was at the courthouse door, one on the Corpus Christi road, and the other on the Fredericksburg road. That this posting was not in three of the most public places in Bexar County, as shown by said return, and that said order or decree was entered without jurisdiction, because the notice required by law was not given.

It also alleged that the order was invalid for the reason that the law requires the application to state that the petitioner is not disqualified from accepting letters testamentary; that the petition fails to so state, but states that Samuel J. Smith resides in Marion County, Illinois, and was not a resident of Texas, and therefore disqualified from accepting such letters; that said Samuel J. Smith still resides in Illinois; and that said instrument is not upon its face a will; wherefore plaintiffs are entitled to one-sixth of the estate, and the language of the instrument thus probated, and asserted as a will, deprives them of their interest in the property of their uncle, and they pray that the order or decree be set aside; that Samuel J. Smith, who has been absent from the State of Texas during the last twelve months, be removed as executor, and upon final hearing the court refuse to admit said instrument to probate for the reason that it is not a will and shows upon its face not to be such, etc.

The District Court sustained the validity of the order admitting the instrument to probate and appointing the executor, and refused to remove the latter.

First assignment: "The court erred in finding, as conclusions of law, that the following return upon the citation was in substantial compliance with the law, and sufficient to give the jurisdiction to probate the will and appoint an executor, the return being as follows: 'Came to hand the 10th day of March, 1898, and executed on the 10th day of March, 1898, by posting copies of the within notice in three places in said county, one of which was at the courthouse door, one on the Corpus Christi road, and one on the Fredericksburg road.'"

The proposition in this behalf relied on is that the return should show that the citation was posted in the manner and form required by law, in order to confer jurisdiction upon the court to act, and the statute requires the citation to be posted at three of the most public places in the county, one of which shall be at the courthouse door, and no two of which shall be in the same city or town (Revised Statutes, article 1864); and these requirements, which are peremptory and essential, do not appear from the return to have been complied with. It is insisted that all these facts must affirmatively appear from the return, in order to confer jurisdiction on the court to act in probating the will.

There is neither allegation nor proof that the places of posting other than the courthouse door were not outside the city, or were not at the most public places.

The law has conferred upon the county courts general judicial power in the matter of probating wills, granting letters, etc. It is a court of general jurisdiction in such matters, and its acts are entitled to the

benefit of all presumptions in favor of their regularity and correctness. There is no statute which, in the case of probate of wills, makes the jurisdiction of the court to act depend on the return of the citation showing that the posting was had in all particulars as the statute prescribes. In the absence of such provision, we can not hold that the court was not authorized to order the probate of the will for this reason. Particularly is this so when the return does not negative a full and complete compliance with the requirements of the law; and it is required by statute, before proceeding to probate a will, that it must be proved to the satisfaction of the court that the citation has been served and returned in the manner and for the length of time required by law. Rev. Stats., art. 1904. This is a clear indication of the intention of the Legislature that the sheriff's return was not of itself to conclude and determine the sufficiency of the service, but that this was a matter to be considered and passed on by the court; and it will be presumed, in favor of the judgment, that the court so determined. The return in evidence does not disprove that the places of posting the notices were as required by the statute. Plaintiffs neither allege nor prove that they were not. It is quite clear to us that no case was shown which would authorize setting aside the order complained of.

It is not contended in this court that the instrument was not a will. The order of probate remaining in force, petitioners are without any interest in the administration or the estate, and are not in a position to ask a decision of the other questions raised.

*Affirmed.*