## M. D. McHAM v. JOHN W. LOVE ET AL.

Decided May 24, 1905.

**1.—Election—Local Option—Notice.**

Article 3387, Revised Statutes, governs the notice required for an election for prohibiting the sale of intoxicating liquors in a county or subdivision thereof, and was not repealed and different notice substituted by sections 41 and 42 of the general election law of 1903 (Acts 28th Leg., pp. 140, 141).

**2.—Local Option—Election—Mandamus.**

An election under the Local Option Law in August, 1904, having been duly held in a county, on notice as required by Rev. Stats., art. 3387, and declared to result in prohibition, another like election in the same territory could not be ordered in October following; and mandamus requiring the Commissioners' Court to order such election on due petition therefor, on the ground that the first election was void for the want of proper notice, was rightly refused.

**3.—Same—Injunction.**

The fact that the Circuit Court of the United States had permanently enjoined the Commissioners' Court of the county from publishing the order declaring the adoption of prohibition in a county under the Local Option Law, did not annul the election, nor make it lawful to immediately order another election.

Appeal from the District Court of Lamar County. Tried below before Hon. Ben. H. Denton.

*Sturgeon & Moore, T. W. Carlock* and *Wm. Hodges,* for appellant.— Under the law relating to elections, passed by the Twenty-eighth Legislature, twenty days' notice of the time of holding all elections is required to be given, and that provision is applicable to elections held under title sixty-nine of the Revised Civil Statutes of Texas, relating to local option elections; and a failure to give such notice rendered the election held in Lamar County on the 27th day of August, 1904, absolutely void. Acts of 1903, secs. 41 and 42, pp. 140, 141; ex parte Conley, 75 S. W. Rep., 301.

The election held in Lamar County on the 27th day of August, 1904, being void by reason of the failure to give the twenty days' notice required by law, it furnished no valid or legal excuse that would justify the respondents in refusing to order the election as prayed for by the appellant and his copetitioners. The statute prohibiting the holding of the second election within less than two years after an election has been held for the same purpose in the same territory, contemplates a valid election in the first instance.

The publication of the order declaring the result of an election held under title 69 of the Revised Statutes, relating to the sale of intoxicating liquors, and prohibiting the sale in the designated territory, is essential to the putting of the law into operation and the failure from legal inability to so publish said order of the Commissioners' Court for the length of time required by law nullifies and destroys the election held. The judgment of a court of competent jurisdiction enjoining the publication of such an order and which effectually prevents the publication for the full length of time destroys the effect of the election previously held and gives the Commissioners' Court the right to order another

election for the same territory without violating the provisions of article 3395 of the Revised Statutes, which prohibits the holding of a second election within less than two years of the first.

*J. L. Hardison,* County Attorney, for appellees.—Under title 69 of the Revised Statutes of Texas, regulating and governing local option elections, only 12 days' notice of the time of holding such election is required to be given; and the law regulating elections, passed by the Twenty-eighth Legislature, commonly known as the Terrell Election Law, is in no way applicable to local option elections held under said title 69, Revised Statutes, and said title 69, Revised Statutes, is not repealed or superseded by the Terrell Election Law. Title 69, Rev. Stats.; Roper v. Scurlock, 29 Texas Civ. App., 464; Shields v. State, 38 Texas Cr., 254; Braun v. State, 40 Texas Crim. Rep., 237.

The local option election held in Lamar County, on the 27th day of August, 1904, was a valid election, by reason of the fact that all the provisions of said title 69, Revised Statutes, were in all things fully complied with, in the ordering, holding and declaring the results of said election, as is admitted in the pleadings of appellant and as is shown by the statements of facts filed herein, and no other election can be held in said Lamar County within two years from said day. Art. 3393, Rev. Stats.

The judgment of the United States Circuit Court for the Eastern District of Texas, rendered by D. E. Bryant, judge, enjoining appellees, who constitute the Commissioners' Court of Lamar County, from publishing its order declaring the result of the election held in said county on August 27, 1904, and putting the law into operation, does not justify the ordering of a second election for the same purpose by said Commissioners' Court within two years in the same territory—and does not invalidate the election of August 27, 1904, by reason of the fact that the said order of the Commissioners' Court was not published for the required length of time. Said judgment is not a judgment in rem and therefore is binding only and effect only the parties and privies thereto. Said judgment, at the time appellees refused to grant appellants' petition for a second local option election in said county, was not a final judgment in this, the time in which appellees herein and defendants in said suit could appeal from said judgment had not expired, and the fact is appellees who were defendants in the suit and judgment rendered by said United States Court have since appealed from said judgment.

EIDSON, Associate Justice.—The statement of the nature and result of the suit embraced in appellant's brief is accepted as true by appellees, and is as follows:

"This is a suit instituted by the appellant for himself and more than two hundred and fifty qualified voters of Lamar County, Texas, for a peremptory writ of mandamus to compel the Commissioners' Court of Lamar County to order an election to enable the qualified voters thereof to determine whether or not the sale of intoxicating liquors should be prohibited in said county. The application for the writ was filed on

the 13th day of October, 1904. After alleging that the respondents composed the Commissioners' Court of Lamar County at and about the time of the filing of the petition for the aforesaid election, the relator says:

" 'That on the date above mentioned (October 12, 1904) a petition signed by himself and more than two hundred and fifty other qualified voters of Lamar County, Texas, was presented to the said Commissioners' Court of said county, then in session, asking said Commissioners' Court to order an election to enable the qualified voters of said county to determine whether or not the sale of intoxicating liquors shall be prohibited in said county, under title 69 of the Revised Statutes of the State of Texas; that the Commissioners' Court then and there, without legal excuse, failed and refused to order said election, although it was admitted that the petition was in proper form, and signed by more than two hundred and fifty qualified voters of Lamar County, as required by law. Relator further represented that prohibition was not in force in said county; that he and his fellow petitioners were desirous of having an election as prayed for, to enable the qualified voters to decide the question as to whether the sale of intoxicating liquors shall be prohibited in said county, and that they are in favor of prohibition. The relator further stated that without the assistance of a writ of mandamus, he and his fellow petitioners who had been refused their right to an election, are without any adequate legal remedy. Wherefore, he prayed for a peremptory writ of mandamus to compel the Commissioners' Court to order the election as prayed for.'

"Respondents John W. Love, county judge, J. O. Sisson, B. B. Brashears, W. M. Grant and J. W. Pennington, commissioners, waived the issuance and service of citation, entered their appearance in said cause on the 14th day of October, 1904, and filed an answer therein, admitting that they composed the Commissioners' Court of said Lamar County, and pleaded substantially as follows:

"They admitted, as alleged by the relator, that on the 12th day of October, 1904, a petition in proper form, signed by more than 250 qualified voters of Lamar County, Texas, asking them to order a local option election for the county, and that they refused to order said election. Respondents then plead as an excuse for their refusal to order said election as follows:

"1st. They say that on the 27th day of August, 1904, less than two years before the date when the petition of the relator and others was presented to them asking an election, a valid and fair election was held in said Lamar County, Texas, by the qualified voters thereof, to determine whether or not the sale of intoxicating liquors should be prohibited in said county; that said election was in all things regular; that it had been ordered by the respondents in response to a petition from the voters of said county; that the clerk had posted five notices in said county, for sixteen days previous to said election; that on the 10th day of September, thereafter, respondents met as the Commissioners' Court of said county, opened and counted the votes cast at said election, and found that a majority of said votes were for prohibition; that they thereupon made and entered an order absolutely pro-

hibiting the sale of intoxicating liquors in said Lamar County, except as provided by law.

"2d. Respondents say that a contest is now pending in the District Court of Lamar County, Sixty-second Judicial District of Texas, to test the validity of said election held on the 27th day of August, 1904, contestants claiming that prohibition was defeated by a majority of the votes cast at said election. They further say that this contest can not be heard and determined before the day of the election prayed for by the relator and others.

"3d. That a suit is now pending in the District Court of Lamar County against these respondents wherein it is claimed, that said election held on the 27th day of August, 1904 is void, by reason of a failure on the part of respondents to give twenty days' notice of the time of holding said election, and that said trial will come up at the December term of said court.

"4th. That Adolphus Busch & Co., citizens of the State of Missouri, on the — day of September, 1904, filed a suit in equity against these respondents in the United States Circuit Court in and for the Eastern District of Texas, praying that these respondents, as the Commissioners' Court of Lamar County, be restrained from further publishing the order declaring the result of the election held on the 27th day of August, 1904, on the ground that twenty days' notice of the time of holding said election had not been given; that said bill was heard before the Hon. D. E. Bryant on the 5th day of October, 1904, and an injunction was therein granted by said court, perpetually restraining these respondents from further publishing the order declaring the result of said election. Wherefore, respondents say that they should not be compelled to order said election till the matters set up are finally determined.

"The relator, by supplemental petition, excepted generally and specially to the answer of the respondents, all of which were by the court overruled, to which ruling the relator duly excepted.

"Further specially replying to the answer of the respondents, relator admitted the facts stated by the respondents as to ordering the election held on the 27th day of August, 1904, and the other facts following said election, but allege that said election was void for the following reasons:

"1st. Because twenty days' notice of the time and place of holding said election had not been given as required by section 41 of the Acts of the Twenty-eighth Legislature.

"2d. Because notices of said election were not posted in the election precincts of said county, as required by section 42 of said Acts.

"3d. Because the publication of the order declaring the result of said election had been on the 5th day of October, 1904, perpetually enjoined by an order issued out of the United States Circuit Court for the Eastern District of Texas, and said order of the Commissioners' Court was not and can not be published for the required length of time to put prohibition in force in said county of Lamar; that the judgment enjoining the publication of said order was final and had not been appealed from; that by reason of these facts, said court had no legal right or excuse to refuse to order the election prayed for by relator and his copetitioners.

"All these facts alleged by both parties were admitted on the trial to be as alleged. On the 15th day of October, 1904, the court rendered judgment for appellees, refusing the writ of mandamus prayed for, from which appellant has appealed."

Appellant's first contention, as presented by his assignments of error and propositions thereunder, is that the election held on the 27th day of August, 1904, is null and void, because twenty days' notice of the time and place of holding same had not been given, as required by section 41 of the general election law, passed by the Twenty-eighth Legislature, and known as the Terrell Election law, and because notices of said election were not posted in the election precincts of the county, as required by section 42 of said law. Section 41 of said law is as follows: "Twenty days' notice of every election ordered shall be given by notices posted up at the places of holding elections in each election precinct, which shall state the time of holding the election, the offices to be filled and the question to be voted on or both, as the case may be, except as herein otherwise provided."

Section 42 of said law provides as follows: "The county judge, or if he fails to, then two county commissioners shall cause notices of a general election and of a special election to be published in a newspaper of the county, if there be one, if not, by posting notice of election at each precinct twenty days before the election; provided  *  *  *" (Acts of 1903, pp. 140 and 141.)

Article 3387, Sayles' Revised Statutes, embraced under title 69, Local Option, provides that the clerk of the Commissioners' Court shall post or cause to be posted, at least five copies of the order of election at different places within the proposed limits of the territory in which the election is to be held for at least twelve days prior to the day of such election. The notice for holding the election of the 27th of August, 1904, was given under this article. Prior to the enactment of the Terrell Election Law by the Twenty-eighth Legislature, supra, article 1728 of Sayles' Revised Statutes embraced in the general election law, provided for twenty days' notice to be given when an election was ordered. In the case of Voss v. Terrell, 34 S. W. Rep., 170, the contention being that the provision of the general election law with respect to notice applied to local option elections, the court held that the provision of the local option law as to notice applied, and not that of the general election law. This decision was followed in Roper v. Scurlock, 29 Texas Civ. App., 464. The Court of Criminal Appeals took the same view of this subject in Shields v. The State, 38 Texas Crim., 254.

The election law enacted by the Twenty-eighth Legislature is general in its application, and the local option law is special or local in its application, and such special or local laws are not repealed by general laws, unless specially mentioned in the general law, or such purpose is made manifest from the plain provisions of the general law. There is no allusion to or mention of the local option law in the Act of the Twenty-eighth Legislature, and there is nothing in any of its provisions that would in any degree indicate an intention to repeal the provisions of the local option law relating to the period of notice to be given of an election. This being true, there is no repugnacy or conflict between the two laws.

The precise question here involved has been decided by the Court of Criminal Appeals of this State adversely to the contention of appellant, in the case of ex parte Keith, 83 S. W. Rep., 683, and ex parte Neal, Id., 831. The question is very ably and exhaustively discussed in the opinion of Judge Brooks and concurring opinion of Judge Henderson in the Keith case, and by Judge Davidson in the Neal case.

It must be assumed that the Legislature, in enacting the general election law of 1903 had knowledge of the holding of the courts that the provision of the prior general election law with respect to the period of notice to be given of an election, did not apply to local option elections, and, having this knowledge, if they had intended the provision as to notice of that law to apply to local option elections, they would have expressed such intention in the law. A valid election having been held in the same territory less than two years prior to the date of the presentation of appellant's petition for another election, the Commissioners' Court, under the law, was not authorized to grant the petition. (Sayles' Revised Statutes, art. 3393.)

We do not think the granting of the writ of injunction by the judge of the United States Circuit Court had the effect to annul the election held on the 27th of August, 1904. This disposes of appellant's second contention.

We conclude that there was no error in the action of the court below in refusing the writ of mandamus prayed for by appellant. The judgment of the court below is therefore affirmed.

*Affirmed.*