## SHAFFER et al. v. LUBY'S ESTATE et al. (No. 7814.)

Court of Civil Appeals of Texas. San Antonio. June 22, 1927.

Rehearing Denied July 23, 1927.

1. Wills ⬤⟿274—Application for probate of will appointing independent executors to serve without bonds need not allege that executors are not disqualified by law.

Application for probate of will, appointing independent executors to serve without bonds, need not state that executors are not "disqualified by law from accepting letters, if letters are desired," and under such application county court has no right or authority to inquire into qualifications of executors provided for in will.

2. Wills ⬤⟿269—Sheriff's return showing posting in three named places of notice of application to probate will held sufficient (Rev. St. 1925, arts. 28, 3334).

In proceeding to probate will appointing executors to serve without bonds, return of sheriff showing that notices of application were posted at three different named places in the county *held* sufficient under Rev. St. 1925, art. 3334, notwithstanding article 28, relating to notices generally.

3. Wills ⬤⟿270—Probate of will held not defective for want of citation to heirs of deceased (Rev. St. 1925, arts. 3335–3337).

Probate of will *held* not defective for want of citation to heirs of deceased, as required by Rev. St. 1925, arts. 3336, 3337, such articles being required to be read in connection with article 3335, and applicable only to nuncupative wills and wills that cannot be produced.

4. Wills ⬤⟿274—Application for probate of written wills accompanying application need not set out names and places of residence of heirs of decedent (Rev. St. 1925, art. 3329).

Under Rev. St. 1925, art. 3329, application for probate of written wills which accompany application need not set out names and places of residence of heirs of testator or testatrix.

Appeal from District Court, Duval County; Hood Boone, Judge.

Application by John M. Luby and another for probate of the will of Mary J. Luby, deceased, opposed by Kate Luby Shaffer and her husband. From judgment of District Court on appeal from County Court admitting will to probate, contestants appeal. Affirmed.

Lewright & Lewright, of San Antonio, for appellants.

B. D. Tarlton, of Corpus Christi, for appellees.

---

FLY, C. J. John M. Luby and Adelaide S. Luby Whitman, on October 28, 1926, applied to the county court of Duval county for the probate of the last will and testament of Mary J. Luby, who died on October 23, 1926, in Bexar county, and who at the time of her death was seized and possessed of real and personal property of the probable value of $500,000. Her will was written in her own hand, and duly executed; in which will the applicants were appointed independent executors, without bond, provision being made that no action be taken in the county court except to probate the will and file an inventory of the estate. The necessary notice was given, and Katherine Luby Shaffer, joined by her husband, Alex. Shaffer, appeared and filed a contest of the probate of the will. The will, together with five codicils thereto appended, was duly probated by the county court, and contestants appealed to the district court, where appellants filed an amended contest of the probate of the will, and also attacked the jurisdiction of the county and district courts on the ground that the testatrix did not have her domicile in Duval, but in Bexar, county at the time of her death. They prayed for dismissal of the probate proceedings. A plea in abatement was overruled to the plea to the jurisdiction. Upon a hearing by the district court the will was probated.

No assignments of error are found in the record, but in the brief of appellants are found what are claimed to be twelve fundamental errors, which will be considered by this court.

[1] The application in this case was to probate a will in which independent executors were appointed by the testatrix, and provision was made for them to act without filing bonds. In such cases it is not necessary to state that the executors are not "disqualified by law from accepting letters, if letters are desired." Applicants for probating the will did not seek to have executors appointed because the will had provided for the appointment of executors, and under an application to probate the county court had no right or authority to inquire into the qualifications of the independent executors provided for in the will. Simmons v. Campbell (Tex. Civ. App.) 213 S. W. 338; Journeay v. Shook, 105 Tex. 551; Ross' Estate v. Abrams (Tex. Civ. App.) 239 S. W. 705; same case, 250 S. W. 1019. The last-cited case was decided by this court, and its judgment affirmed by the Supreme Court.

Applicants were entitled to letters testamentary when the will was probated. No attack was made on the qualifications of the executors, and it was affirmatively shown that they were qualified. It must be kept in mind that no assignments of error have been filed, and nothing can be considered, unless fundamental in its nature, and a failure to allege that the executors were not disqualified would not

be fundamental in its nature, even if it was required by the statute.

[2] There is no merit in propositions 2 to 11 inclusive, which endeavor to present fundamental errors in connection with notice of the application to probate the will. The objection that the return of the sheriff was defective or invalid is without merit. As said by the former Chief Justice, John H. James, of this court, in Martin v. Smith, 23 Tex. Civ. App. 665, 57 S. W. 299:

"The proposition in this behalf relied on is that the return should show that the citation was posted in the manner and form required by law, in order to confer jurisdiction upon the court to act, and the statute requires the citation to be posted at three of the most public places in the county, one of which shall be at the courthouse door, and no two of which shall be in the same city or town; and these requirements, which are peremptory and essential, do not appear from the return to have been complied with. It is insisted that all these facts must affirmatively appear from the return, in order to confer jurisdiction on the court to act in probating the will. There is neither allegation nor proof that the places of posting other than the courthouse door were not outside the city, or were not at the most public places. The law has conferred upon the county courts general judicial power in the matter of probating wills, granting letters, etc. It is a court of general jurisdiction in such matters, and its acts are entitled to the benefit of all presumptions in favor of their regularity and correctness. There is no statute which in the case of probate of wills makes the jurisdiction of the court to act depend on the return of the citation showing that the posting was had in all particulars as the statute prescribes. In the absence of such provision, we cannot hold that the court was not authorized to order the probate of the will for this reason. Particularly is this so when the return does not negative a full and complete compliance with the requirements of the law, and it is required by statute before proceeding to probate a will that it must be proved to the satisfaction of the court that the citation has been served and returned in the manner and for the length of time required by law."

The return of the sheriff in this case shows that the notices were posted at three different places in the county, naming them, and there was also the affidavit of a publisher of the publication of notices in his paper, which had been published in the county not less than one year. In answer to the notice contestants appeared and filed their contest. It was recited in the order probating the will "that citation of said application to probate the will has herefore been duly issued and served for the time and in manner prescribed by law." The contestants made no attack on the notice, but answered that the will offered for probate was not the last will of Mrs. Mary J. Luby. The notice was not assailed in the district court. The posting of the notices was sufficient; the law not requiring publication it was unnecessary. It is provided in article 3334 in the chapter providing for probate of wills that citation shall be served by posting. The law as to posting is specially applied to notices of probate, and is not affected by the general statute as to notices embodied in article 28, Rev. Stats. 1925. This seems to have been the legislative construction of the service by publication of citations in the probate of wills, for the Fortieth Legislature by an act (Acts 40th Leg. [1927] c. 81) sought to validate such service by publication.

Not only did the Fortieth Legislature validate service in probate cases by publication, but article 3334 is amended (Acts 40th Leg. [1927] c. 81) so as to permit service by publication. The act of validation found in article 3334a, Rev. Stats. of 1925, as added by the Legislature (Acts 40th Leg. [1927]. c. 81), and the act permitting service by publication, clearly show that it was the legislative construction that prior to the amendment service by publication did not apply in proceedings to probate wills. If the service by publication had in this case was validated by article 3334a, there is no doubt about the service of the notice being legal and valid.

Appellants do not show that any newspaper contemplated by article 28 was published in Duval county, and, if there was no such paper, posting was the only method by which citation could be served, as the article in question provides that, in case no paper is published in the county, then notices shall be posted. Propositions from 2 to 10, inclusive, are overruled.

[3] The twelfth proposition complains that no citation was issued to the heirs of Mary J. Luby, as required by articles 3336 and 3337. The articles named do not apply, except in cases where the will, cannot be produced, as they must be read in connection with article 3335, which applies to nuncupative wills sought to be probated and wills that cannot be produced in court. Proposition 12 is overruled.

[4] The eleventh proposition is without merit. In the application for probate of written wills, which accompany the application, the law does not require the names and places of residence of the heirs of the testator or testatrix to be set out. Article 3329, Rev. Stats. 1925. Articles 3330 and 3331 have reference only to wills not produced and nuncupative wills.

There are no fundamental errors shown by the record, and those sought to be raised by appellants are insubstantial and shadowy in their nature, and do not form a basis for a successful appeal.

The judgment is affirmed.