C O P Y

Honorable Julian E. Weisler
County Attorney
Washington County
Brenham, Texas

Dear Sir:

Opinion No. 0-3338
Re: Whether the sheriff executing
process as required by Article
3334, V.A.C.S., has to wait
until the ten days provided
therein have expired before
he can file his return in
court showing execution
thereof.

Your question and explanation thereof as contained
in your letter of March 25, requesting an opinion of this depart-
ment, reads as follows:

"QUESTION: When application for probate
of a will is filed, and the Sheriff is given
the citation which under Art. 3334 and Art.
3310a of Vernon's Texas Civil Statutes shall
be served by posting one copy thereof at the
courthouse door for not less than ten (10)
days before the return day thereof, can the
Sheriff after he has posted one copy thereof
at the courthouse door immediately make his
return and file same with the County Clerk,
or does the sheriff have to wait until the
ten days have expired before he can file his
return in court showing execution of the writ.

"* * *.

"For illustration an application for the
probate of a will is filed in County Court on
Thursday, March 20, 1941, and the citation is
handed to the Sheriff of the County and he

immediately goes and post a copy thereof at the courthouse door on said 20th day of March, 1941, said writ being returnable for Monday, March 31, 1941, and on the same day of March 20, 1941, having posted the copy of citation as required by statute he makes his return showing that he received said writ on the 20th day of March, 1941, and that he executed same on the 20th day of March, 1941, by posting one copy thereof at the courthouse door for not less than ten (10) days before the return day thereof; the Sheriff files this return on said 20th day of March, 1941, with the clerk of the County Court."

Article 3334, Vernon's Annotated Civil Statutes, relative to service of citation authorized to be issued upon filing an application for probate of written will, provides:

"The citation shall be served by posting one copy thereof at the courthouse door for not less than ten (10) days before the return day thereof."

Article 3310a, Vernon's Annotated Civil Statutes, in part, provides:

"All citations and notices issued out of the County Court in probate matters shall be returnable to the Court from which issued on the first Monday after the service is perfected. All such notices and citations now required to be posted shall be posted at the Court House door for not less than ten (10) days before the return day thereof. * * *."

The first statute above quoted provides the citation shall be "served by posting" one copy thereof at the courthouse door for not less than ten (10) days before the return day thereof. Substantially the same language is found in Article 3310a, that such citations, "now required to be posted" shall be posted for not less than ten (10) days before the return day thereof.

Article 2034, Vernon's Annotated Civil Statutes, provides that the return of the officer executing the citation shall

be endorsed on or attached to the same; and it further provides "it shall state when the citation is served and the manner of service, conforming to the command of the writ, and be signed by him officially."

In Words and Phrases, Permanent Edition, Vol. 33, P. 120 is found the following with reference to advertising or giving notice:

"The verb 'post' is defined in Webster's Dictionary as follows: 'To attach to a sign-post, or other usual place of affixing public notices; to advertise; as to post a notice.' As used in Revised Civil Statutes art. 3230, providing that the clerk shall 'post' at least five copies of the order for an election, etc., means that notice shall be given to the electors, etc. Voss vs. Terrell, 34 S.W. 170, 171, 12 Tex. Civ. App. 439."

The Supreme Court in Roberts v. Stockslager, 4 Texas 308-10, said:

"The provisions of the statute as to the mode of service and the fullness of the return are as plain as they are imperative. They cannot be mistaken, and the courts should not permit them to be disregarded. They prescribe the mode by which the court acquires jurisdiction over the person of the defendant; and as this is necessary to give validity to its acts and judgments, the regulations on the subject should be strictly observed by the officers charged with the duty, and enforced by the tribunal before which the matters in controversy are to be determined."

The prescribed mode of making the service by the officer is that a copy of the citation be "posted." In Martin v. Smith, 23 Tex. Civ. App. 665, 57 S. W. 299, the court said: "There is no statute which in the case of probate of wills makes the jurisdiction of the court to act depend on the return of the citation showing that the posting was had in all particulars as the statute prescribes." We are able to find one case only which strongly supports the view that the provision "for not less than ten

(10) days before the return day thereof", has no particular relation to the time in which the officer may make his return. In Nelson v. State, 75 S. W. 502, the Court of Criminal Appeals said:

> "By 'posting as required by law' is meant that the notices must be actually posted the requisite number of days before the election is held.  The fact that the notices may have been subsequently torn or blown down would not affect the validity of the election. Where the statute requires the notices to be posted 12 days before the election, if the proof conclusively shows that said posting did occur, then the court, as indicated in the original opinion, is authorized to tell the jury, as a question of law, that the local option law is valid."

Article 2025, Revised Civil Statutes, provides that the officer to whom a citation is delivered shall endorse thereon the day and hour on which he received it, and shall execute and return the same without delay.  The word "return" here means the physical return of the executed process as distinguished from "return" in Article 2034, supra.

It strongly appears to us that when the copy of such citation as provided by statute, is once "posted" or affixed at the courthouse door, the presumption exists that it has not only been securely fixed but will remain for the full ten (10) days. The officer, having fulfilled his duty, is not required to withhold making his return under the provisions of Articles 2025 and 2034, supra.  The conclusion of law arising from the actual "posting" and the making of his return as required by these statutes, is not affected by the officer making his return prior to the expiration of the time judicial action is authorized.

It is therefore the opinion of this department that a sheriff serving a citation by "posting" as required by Article 3334 and in such manner specified in Article 3310a, Vernon's Annotated Civil Statutes, is not required to wait the expiration of the ten (10) days mentioned therein before making his return of the process to court.

WJRK:RS

Yours very truly

APPROVED APRIL 23, 1941
By S. GROVER SELLERS
FIRST ASSISTANT ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By S. J. R. King, Assistant

APPROVED OPINION COMMITTEE BY S. BWB
CHAIRMAN