## ELLA D. JOURNEAY v. P. H. SHOOK, COUNTY JUDGE.

### No. 2456. Decided January 22, 1913.

**1.—Will—Independent Executor—Letters Testamentary.**

The County Court has no right to refuse to an independent executrix appointed as such by the will of decedent which has been duly admitted to probate, she not being disqualified by minority or insanity, the right to take the oath and receive letters testamentary. (P. 555.)

**2.—Same—Opposition by Creditors.**

Allegations filed by creditors of decedent contesting the right of the executrix named in his will to receive letters, on the ground that she was an improper person whose appointment would imperil the collection of their debts, presented no reason for refusing letters to such executrix after admitting the will to probate, or for postponing the granting of such letters until the issues so tendered could be heard and determined. Rev. Stats., arts. 1877, 1911, 1958, 1960, 1995. Roy v. Whitaker, 92 Texas, 355, and Stephens v. Cameron, 100 Texas, 517, limited. (Pp. 552-557.)

**3.—Same.**

It is the duty of the clerk, a mere ministerial act, when the will has been admitted to probate, to issue letters to the executor named therein whenever he shall qualify—by taking the oath where exempt from bond by the will—and the county judge has no discretion as to the person to receive the letters. (P. 557.)

**4.—Same.**

The owner has a right to direct by will the disposition of his property after death and designate his executor. The rights of creditors are protected by the power given them to require a bond from the executor where necessary. Rev. Stats., 1895, arts. 1997, 1998, 1999; Rev. Stats., 1911, arts. 3364, 3365, 3366. (Pp. 555-556.)

Error to the Court of Civil Appeals, Fourth District, in an appeal from Bexar County.

The action was brought by Journeay in the District Court to obtain writ of mandamus against the County Judge, whose order, after admitting the will to probate, had, on issues presented by creditors of the estate, suspended the grant of letters testamentary in order to determine whether she was a proper person to receive them. The court granted the writ ordering that plaintiff be permitted to qualify at once. On defendant's appeal this was reversed, and appellee obtained writ of error.

*C. M. Chambers* and *B. W. Teagarden,* for plaintiff in error.—It has been held that an independent executor cannot be removed by the court except as authorized by the statute, arts. 1997 et seq. See Perkins v. Woods, 63 Texas, 396. That articles 2026 et seq. do not apply to independent executors, see Simkins on Administration of Estates, p. 109, 112. Dissatisfied creditors have their remedy under Rev. Stats., 1997-2002, which provide certain cases where an executor may be removed. Their protection is by bond. There is nothing in the statutes with reference to the removal of an independent executrix for any of the grounds set out in the alleged creditors' contest, and the testator may appoint whom he pleases as against such objections

as raised by creditors here. There is nothing in the statutes disqualifying one from serving as independent executrix on any of the grounds set out in the motion or opposition. It was without authority. The will carried the appointment as against the opposition of creditors. Patten v. Cox, 9 Texas Civ. App., 299. See also Rev. Stats., 1991 et seq. Insolvency is no ground for the opposition. Shackleford v. Admin. of Gates, 35 Texas, 781. If the opposition of creditors had been an attempt to annul a part of the will, it would have been improper and unauthorized at the time, even if it had stated grounds sufficient. Prather v. McClelland, 76 Texas, 575; but the creditors remedy if any was by motion for bond; they had no right to question the character of the executrix named in the will. The following cases will convince one that our position as to the contest not showing ground of incompetency even if the Perkins-Woods case in 63 Texas be overruled, is correct. Clark v. Patterson, 214 Ill., 543; Baquiers Est., 88 Cal., 302; Rice v. Tilton, 13 Wyo., 420; Smith's Appeal, 16 L. R. A., 538; Latham's Will, 130 N. Y., 535, 145 App. Div., 849.

*C. A. Davis,* for defendant in error.—As long as a Judicial officer shows a proper judicial temper and attitude toward the litigants, even though his judgment in matters may be erroneous, superior courts will not attempt to control the discretion vested in the inferior judge. Rush v. Browning, Dist. Judge, 132 S. W., 163; 103 Texas, 649; De Poyster v. Baker, 89 Texas, 155; Aycock v. Clark, 94 Texas, 375; State v. Morris, 36 Texas, 226; 26 Cyc., 158 et seq.; Art. 1870, Revised Statutes of Texas.

The trial court erred in granting the writ of mandamus because the record of the case shows that the question of the appointment of the independent executrix of the last will and testament of H. B. Salliway was a matter involving judicial discretion and not merely a ministerial act and hence no writ of mandamus could issue to coerce the respondent in rendering his judicial opinion. Rev. Stats., arts. 1870, 1910, 1926, 2027; Stevens v. Cameron, 100 Texas, 515; State ex rel. Flick v. Reddish, 129 S. W. (Mo. App.), 53; Constitution of Texas, sec. 16, art. 5; Dodson v. Wortham, 18 Texas Civ. App., 666; Durett v. Robison, 103 Texas, 502; Ewing v. Cohen, 63 Texas, 482; Matlock v. Smith, 96 Texas, 211.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

From the statement of the Court of Civil Appeals and the papers we make this condensed statement of the facts:

"On October 4th, 1911, appellee filed an application in the County Court of Bexar County for the probate of the will of H. B. Salliway, deceased, and for letters testamentary, she having been appointed independent executrix by the will.

"On November 7th, 1911, a number of creditors of H. B. Salliway filed an instrument in said County Court contesting the application of appellee to be appointed executrix, alleging that she was insolvent, not a proper person to be appointed executrix; that they feared she would dispose of the property and they would lose their debt, that the placing of the appellee in possession of the papers of the estate

would jeopardize the interests of such creditors, and that the estate of ·H. B. Salliway was insolvent. They prayed that appellee be not appointed executrix and that some competent person be appointed administrator with the will annexed, and for all other orders to which they might be entitled in law or equity. On December 20th, 1911, they filed an amended contest, alleging that a great portion of their indebtedness accrued against said H. B. Salliway by reason of the embezzlement of trust funds in his hands; that such funds were used in paying the expenses of numerous trips taken by appellee and the deceased, and in placing property in the name of appellee's son, a portion of which had since been transferred to appellee. That among the papers of the deceased the evidence of such use of the money could be found, and to place appellee in possession of such papers would result in depriving the contestants of access thereto, and from securing the evidence showing that the trust funds were transferred to appellee and that thereby she became particeps criminis in the embezzlement. The amounts due the contestants respectively were set out.

"On December 9th, 1911, the will was admitted to probate, and an order entered, which was in all respects sufficient to probate the will, but contained the following clause: 'It is further ordered by the court that the appointment and qualification of said Ella D. Journeay as independent executrix be held in abeyance until the court can hear evidence upon the objection filed herein, and decide whether or not she is a proper person to be so appointed by the court.' "

The will was probated and provided that the executrix should administer the estate under this article of the Revised Statutes:

"Art. 1995. Any person capable of making a will may so provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement and lists of claims of his estate."

The will contained this clause:

"I hereby appoint the said Ella D. Journeay independent executrix of this my last will and testament, without bond, and that she shall take immediate possession of my said estate without any action of the probate court or any other court, other than this to probate this my last will and testament. In witness thereof I here sign my name in the presence of the subscribing witnesses who sign at my request, this the 2nd day of April, 1911, at San Antonio, Bexar County, Texas."

Article 1877 of the Revised Statutes reads:

"An executor or administrator shall be deemed to have duly qualified when he shall have taken the oath required by law, and when he shall have given the bond required by law, and when said bond has been approved and filed. In the case of an executor where no bond is required, he shall be deemed to have been duly qualified when he shall have taken the oath required by law."

Certain creditors of the testator filed a protest against the court appointing Mrs. Journeay executrix of the will. The county judge entered this order:

"In the matter of the estate of H. B. Salliway deceased.

"On this the 9th day of December, A. D. 1911, came on to be heard the application for the probate of the last will and testament of said deceased, and for letters thereon, filed herein on the 4th day of October, A. D. 1911, by Ella D. Journeay.

"And it appearing to the court that legal notices of the filing of said application have been issued and posted in the manner and for the length of time required by law and no one came to contest same; and it further appearing from the testimony of the subscribing witnesses to said will, sworn to and subscribed in open court and filed herein, that H. B. Salliway, deceased, died in the county of Bexar, in the State of Texas, where his residence and principal estate was situated, on the 27th day of September, A. D., 1911, that this court has jurisdiction of the estate; that four years have not elapsed since his decease, prior to the said application; that said deceased, at the time of executing said will, was over twenty-one years of age, and of sound mind; that said will was executed with the formalities and solemnities and under the circumstances required by law to make it a valid will, and that such will has not been revoked by said testator; that the said Ella D. Journeay was named in said will as independent executrix thereof without bond; but it appearing to the court that objections have been filed by the creditors of said estate of H. B. Salliway, deceased, as fully shown in said objections, the court is of the opinion that said Ella D. Journeay should not be permitted to qualify as independent executrix until evidence be heard upon said objections and until the further orders of this court.

"It is therefore ordered and decreed by the court, that said will is hereby proven and established as the last will and testament of said H. B. Salliway, deceased. It is further ordered by the court that the appointment and qualification of said Ella D. Journeay as independent executrix be held in abeyance until the court can hear evidence upon the objections filed herein, and decide whether or not she is a proper person to be so appointed by this court, and that Joe Newton and R. G. Harris and Alex Coy, three discreet and disinterested persons, are appointed appraisers of said estate, and that the clerk of this court issue warrant of appraisement to each of said appraisers."

The following articles of the Revised Statutes prescribe the procedure after the probating of the will:

"Art. 1958.   Whenever an executor or administrator has been qualified in the manner required by law, it shall be the duty of the clerk of the court granting the letters testamentary or of administration to forthwith issue and deliver the letters to such executor or administrator."

"Art. 1959.   Letters testamentary or of administration shall be a certificate of the clerk of the court granting the same, attested by the seal of such court, and stating that such executor or administrator, as the case may be, has duly qualified as such as the law requires, the date of such qualification and the name of the deceased."

"Art. 1960.   Such letters, or a certificate of the clerk of the court which granted the same, under the seal of such court, that such letters have been issued, shall be sufficient evidence of the appointment and

qualification of an executor or administrator and of the date of such qualification."

Article 1911, Batts' Civil Statutes, reads:

"When a will shall have been probated, it shall be the duty of the court to grant letters testamentary to the executor or executors appointed by such will, if any there be, or to such of them as are not disqualified, and are willing to accept the trust and qualify according to law within twenty days after such probate, except in the case provided for in article 1881."

The Honorable Court of Civil Appeals rests the right of the county judge to refuse letters to Mrs. Journeay upon the language of that article, and the will having been probated, all that was done or omitted to be done prior to that time is immaterial to the decision of this case and will not be discussed.

The article last above copied is mandatory, and if Mrs. Journeay had qualified, the clerk could not have refused to issue letters to her. By the terms of article 1958 copied above Mrs. Journeay would have been duly qualified upon taking and filing the oath within twenty days after the will was admitted to probate. She was willing to accept the trust, qualify and receive letters, but was prevented by the action of the county judge, hence we must apply the law as if she were now presenting the oath to the clerk of that court, who must act in obedience to the mandate of article 1958 which emphatically requires the clerk to issue the letters testamentary, thereby "granting the letters" as prescribed by article 1911. It was purely a ministerial act to be performed by the clerk independently of the judge, who exhausted his authority in that connection when he probated the will. The plain terms of the statute determine what should be done thereafter and by whom. The order by which the case was set down for future hearing as to granting letters was void, but prevented Mrs. Journeay from complying with the law. However, it did not annul her right to qualify thereafter. If everything alleged and insinuated by the protestants be true, no reason is shown why letters should not be issued. We therefore reverse the judgment of the Court of Civil Appeals and remand the case to the District Court with instructions that an order be entered permitting Mrs. Journeay to make and present the oath required by law to the County Court of Bexar County within twenty days from the filing of the mandate of this court in the district court.

Mrs. Journeay is more than twenty-one years old and is not insane, therefore, she is not incapacitated under the law to accept the trust as an executrix. If all that the protestants allege of Mrs. Journeay and the testator be true, he had the legal and moral right to entrust the settlement of his affairs to her. The man owned the property and the law of this State accorded to him the right to direct its disposition after his death; no court has the authority to deprive his executrix of the trust confided to her, except that she must obey the law, and the creditors of the deceased must be protected, which our law amply provided for in articles 1997, 1998 and 1999 of the Revised Civil Statutes. The first two articles state the ground upon which bond may be required of independent executors, and 1999 reads:

"Such bond shall be signed by the executor with two or more good

and sufficient sureties for an amount equal to double the full value of the estate, to be approved by and payable to the county judge of the county, conditioned that said executor will well and truly administer such estate, and that he will not waste, mismanage or misapply the same; which bond shall be filed, and when approved by the county judge shall be recorded in the minutes, and may be recovered upon as other bonds given by executors and administrators.''

What interest can the creditors have in the use or disposition of such property except for the payment of their debts, which they can secure by requiring bond?

The Court of Civil Appeals refers to Roy v. Whitaker, 92 Texas, 355, for support of the construction which confers power upon the County Court to grant or refuse letters to an independent executor, quoting this paragraph:

''The effect of the foregoing cases is to establish the proposition that, except in those articles which relate to acts to be done in the settlement of an estate, the term 'executors' as used in our statutes includes independent as well as other executors.''

The quoted provision correctly states the law, but the learned judge did not cite any article of the statute which gives the county judge power over the issuing of letters testamentary to any executor. If there were a statute which would authorize a judge to remove an executor for a cause existing before the qualification, then under that rule the judge might apply it to an independent executor; but there is none such except for minority and insanity. If the executor named should be a minor, or be insane, letters testamentary could not be issued to him and the proposition quoted would be applicable.

Article 1958 embraces both classes of executors who have qualified. The difference being in the act of qualification, that is, the one is required to take the oath and give bond to qualify him, but the independent executor is qualified by taking the oath. Article 1877 applies equally to each class. Article 1958 of the Revised Statutes prescribes the same duty of the clerk to each class of executors, that is, to issue letters when they have qualified. Article 1858 prescribes the requisites of letters testamentary to be a certificate of the clerk of the court, but in no provision of the statutes is the county judge authorized to act in the matter of issuing letters to any executor. When the will has been probated, the issuing of letters is a ministerial duty of the clerk. Article 1960, supra, declares that such letters issued by the clerk, or his certificate that such have been issued, shall be sufficient evidence of the appointment and qualification of an executor—no act of the judge is required.

To illustrate the difference between the granting of letters to an administrator and granting letters testamentary to an executor we invite attention to article 1914, which provides that letters of administration may be granted to any one of a number of persons mentioned, or to any person of good character residing in the county. Discretion in selecting such person is confided to the judge, which is a discretionary power. But letters testamentary must be granted to ''the person *named in the will*''; in which there is no discretion—it is purely ministerial. More definite still is article 1920: ''Before

1913.] JOURNEAY v. SHOOK. 557

granting letters testamentary, it must appear to the court * * * 5. That the person to whom the letters are to be granted is named as executor in the will." This excludes the selection of an executor by the judge and commands the issuing of letters to the person named. The effect of all of the articles and provisions quoted and cited is expressed in article 1958, supra, which, in concrete form, disposes of the matter by directing the clerk to issue and deliver letters testamentary to the executor named and qualified. This shows conclusively that the use of the term, "grant," only refers to this last act of the clerk in issuing the letters.

We repeat, when the will has been probated it becomes the duty of the judge to direct the clerk to issue letters to "the person named in the will," when he shall qualify. There is not a suggestion that the judge may refuse to issue letters "to the person named in the will." The judge has no discretion as to the person to receive the letters, it is a ministerial act to be performed by the clerk.

The Court of Civil Appeals refers to Stevens v. Cameron, 100 Texas, 517, and quotes from the opinion by Judge Gaines as follows:

"It does not follow in any event, as we think, that other legal obstacles may not exist to an appointment as administrator than that mentioned in article 1910. In article 2027, among other grounds for the removal of executors or administrators, it is provided that, "where an executor or administrator becomes of unsound mind, or from any other cause is incapable of performing the duties of his trust," he may be removed. Clearly, one who may be removed for incapacity to perform the duties of the office should not be appointed. Such a doctrine would lead to the absurdity of making it the duty of the court to appoint one administrator of an estate and of then removing him."

That was an administration and Judge Gaines correctly used the language. In appointing an administrator the county judge was required to hear evidence and decide as to the fitness of the applicant for letters of administration, but there is not a line of law statutory nor a decision in this State which empowers the county judge to pass upon the fitness of the executor named. He probates the will and the right to qualify attaches. If the judge were authorized to hear evidence of the fitness of the executor, the citation from Stevens v. Cameron would apply. But the law confers upon the testator the power to select his executor, and no court can deprive him of it if he conforms to the statute.

It is ordered that defendants in error pay all costs incurred in this proceeding.

*Reversed and remanded to District Court with instructions.*

MR. JUSTICE HAWKINS not sitting.