### In re GREER et al.

Court of Civil Appeals of Texas. Fort Worth.
May 30, 1931.

Henry Young, of Fort Worth, for relators.

CONNER, C. J.

We are of the opinion that this application must be denied for want of equity in the petition, in two particulars:

 (a) While the application states that an appeal bond had been given, it fails to state the amount thereof, or that it had been approved by the clerk, as required by article 2265, of the Revised Statutes, and, for aught that appears on the face of the petition, it may have been upon this ground that the clerk complained of refused to make up the transcript. It is true the petition states that the refusal was "without probable cause and with the wilful, wicked and malicious intent and purpose to deprive plaintiff, the said Mrs. Alice P. Greer et al., of her constitutional and legal right to have redress in all of the courts of this state for wrongs done her in her lands and improvements," etc. But these allegations amount to no more than mere conclusions, whereas, in an application for mandamus, the necessary facts as contradistinguished from opinions should be clearly stated.

(b) The petition shows that the order complained of is an order of the trial court granting the defendant Union Life Insurance Company leave to file its plea to make the Great Southern Life Insurance Company party defendant in the cause, and that, after the plea had been presented and heard by the court, it was ordered that it be granted, to which the applicant for the writ of mandamus complained for the reasons therein set forth. Whereupon, the court "entered an order on the docket of said court to that effect, to which ruling plaintiff, Mrs. Alice P. Greer et al., by counsel, excepted and served notice upon defendants, said Southern Union Life Insurance Company et al., and said court, that plaintiff, the said Mrs. Alice P. Greer et al., would not prosecute this cause any further in said court with the said Great Southern Life Insurance Company as party defendant in this cause by virtue of the aforesaid plea. Thereupon the said court entered final judgment in this cause upon the docket of said court, to which order applicant excepted and gave notice of appeal," etc.

In Texas Jurisprudence, vol. 3, p. 126, § 62, it is said: "An interlocutory judgment or order is one made during the pendency of an action, which does not dispose of the case,

but leaves it for further action by the court in order to settle and determine the entire controversy."

And on the preceding page, and in the preceding section (61), it is further said: "Unless specifically made so by statute, an interlocutory judgment or order is not appealable, and is reviewable only after final judgment has been rendered; an attempted appeal from such order will be dismissed for want of jurisdiction," etc.

It seems quite clear that the order of the district court making the Great Southern Life Insurance Company a party defendant on the application of the Southern Union Life Insurance Company is but an interlocutory order or judgment, and we know of no statute which gives this court jurisdiction or power to review and pass upon the objections the applicant herein, by her counsel, made to the proceeding, and the declaration of counsel to the court that he would refuse to further prosecute the suit with the additional party, as had been ordered by the court, must be given the effect of a voluntary nonsuit, which the plaintiff in a cause at any time is at perfect liberty to take, and of which the defendants have no right to complain in the absence of a pending cross-plea of which the court has jurisdiction.

Accordingly, as stated in the beginning, we think the applicants' petition for writ of mandamus fails to show a legal or equitable right for issuance of the writ. The application is therefore denied.