**WARE et al. v. BARFIELD et al.**

No. 3904.

Court of Civil Appeals of Texas. Amarillo.
Nov. 9, 1932.

Rehearing Denied Dec. 14, 1932.

Underwood, Johnson, Dooley & Simpson, **of** Amarillo, for appellants.

Stone & Guleke and Morgan, Culton, Morgan & Britain, all of Amarillo, for appellees.

MARTIN, J.

On December 7, 1931, the will of Mrs. M. D. Oliver-Eakle, a feme sole, was admitted to probate by the county court of Potter County. In this will R. C. Ware, Wm. C. Perry, Homer A. Callaway, and B. I. Barfield were named as independent executors. Bequests were made to various persons, amounting in value to more than $100,000. The remainder of her estate was placed in trust with the executors above mentioned for her daughter and only child, the appellee herein. Of the bequests named in the will, the following property was devised to the executors: lots of the aggregate value of $50,000 to B. I. Barfield; $13,700 in cash to Homer A. Callaway to be used "for purposes known and to be known to him only, together with $1,000.00 additional for expenses." The will provided further for his appointment as attorney for the executors above mentioned, for which he should be paid suitable compensation. To Wm. C. Perry, another of the executors, she directed that he be retained as manager of the Oliver-Eakle building at a salary not less than that prevailing at the time of her death, during the continuance of the trust. The trust estate created was to last for twenty-one years, at which time it was to go to appellee herein, or to the heirs of her body. The will further provided that the independent executors named above should receive suitable compensation for the services rendered by them, and vested in them full and complete control and management of the estate, without bond, and free from any interference of the probate court. The will further provided: "It is my desire, wish and will

that all doubtful questions of construction in the interpretation of this will shall be conclusively determined by my executors and trustees *according to their best judgment without resort to court.*"

Thereafter appellee filed a petition for the annulment of said will, charging a lack of testamentary capacity on the part of Mrs. Oliver-Eakle, the testator, at the time of and prior to the execution of said will and going into detail with respect to same, which we deem unnecessary to here set out. This petition charged that the estate owed sums at the time of the making of the will and at the time of her death aggregating approximately $400,000, including $24,000 unpaid taxes, and placing the value of said estate at $500,000. It was further alleged that the payment of the indebtedness and the bequests would exhaust the estate and leave appellee without any property. It further pointed out the personal interest of the executors as devisees under the will, substantially as stated above. Further allegations were made in effect showing the necessity for the careful and prudent management of said estate to enable it to pay the indebtedness existing against same.

The petition asked for the appointment of appellee as temporary administratrix of the estate, and contained an appropriate prayer for service of citation upon all adverse parties at interest and for the annulment of the will.

The application for appointment as temporary administratrix came on to be heard by the county court of Potter county on the 24th day of February, 1932, and upon an ex parte hearing appellee herein was so appointed pending the contest of the aforesaid will, by an order that day entered, and her powers being therein specifically defined. The effect of such order was to oust and displace the executors from the management of said estate, who it appears at that time had theretofore duly qualified and were in possession and control of same.

Thereafter appellee duly qualified as temporary administratrix and took possession of the estate.

On February 27, 1932, appellants R. C. Ware, Homer A. Callaway, and Wm. C. Perry filed an application with the county court of Potter county for authority to employ attorneys to defend said will and the probate thereof from the attack made upon it by appellee and to contract and agree with said attorneys for a reasonable fee and for a further order authorizing the expenditure of a sum not to exceed $500 for expenses to be incurred in properly preparing for the defense of said will and its probate. This application was granted and the order prayed for entered, from which appellee appealed to the district court of Potter county, Tex.

Thereafter an order was entered in the county court of Potter county, upon the petition of the same parties, declaring the former appointment of appellee herein as temporary administratrix null and void, from which appellee also appealed to the district court of Potter county, Tex.

These appeals were consolidated and tried as one cause in the district court of Potter county, Tex.

In these matters B. I. Barfield, who is the husband of appellee, did not join.

Upon the trial of these consolidated cases, the district court of Potter county, on the 16th day of April, 1932, entered an order denying in all things the application of appellants for attorneys' fees and expenses and holding that the original appointment of appellee by the said county court as temporary administratrix was in all things valid, and ordering her continuance as such pending the contest herein, and further vacating and declaring null and void the order entered by said court vacating her appointment as such temporary administratrix.

From these orders the three independent executors named above have appealed to this court, assigning as error the action of the district court in each of the two matters pointed out above.

It will be noted that appellants took no appeal directly from the order appointing appellee temporary administratrix, but filed a motion to vacate the same, claiming that her appointment was void, and that the court was without jurisdiction or power to make such appointment while the said executors were acting, after having qualified and taken possession and control of the estate. The question, therefore, presented is not one of the improper use of a power lodged by law with the court, but a lack of any power to act in the premises.

Upon this question a hurried perspective of the law relating to the appointment and duties of the legal representatives of deceased persons in general will, we think, assist us here.

■ Appellants were independent executors, creatures of the will, and not of the probate court. They were, by the terms of the will, vested with unbridled authority over the estate. They might do any act respecting it which the court could authorize to be done if the entire estate were under his control or whatever testator could have done in her lifetime, except as restrained by the will itself. Schramm v. Hoch (Tex. Civ. App.) 241 S. W. 1087; Roy v. Whitaker, 92 Tex. 346, 48 S. W. 892, 49 S. W. 367; Ewing v. Schultz (Tex. Civ. App.) 220 S. W. 625, 630. Independent executors receive property in trust for the benefit of creditors and devisees. Stephenson v. McFaddin, 42 Tex. 322; Farmers' & Merchants' National Bank v. Bell, 31 Tex. Civ. App. 124, 71 S. W. 570, 572. The probate

court had nothing to do with their appointment, his only judicial act being to enter the order probating the will, after which it was the ministerial duty of the clerk of his court to issue letters testamentary to the executors named therein. Journeay v. Shook, 105 Tex. 551, 152 S. W. 809. If such executors were sane and twenty-one years of age, it was the mandatory duty of the county judge to order the probate of the will without inquiring into the other qualifications of the persons named therein as independent executors. Shaffer et al. v. Luby's Estate et al. (Tex. Civ. App.) 297 S. W. 582; Journeay v. Shook, 105 Tex. 551, 152 S. W. 809. The law in such cases vested the absolute power in the testator to select his own representative, subject only to the qualifications named above. No judicial act of the court is directly involved in their appointment. Not so with the ordinary administrator, whose appointment and duties are under the direct control and supervision of the probate court, the nature of which is too well known to here require a detailed discussion. In this difference is the distinction between some of the cases relied on by appellants and the case at bar, and this distinction is one to be kept in mind in the solution of the question presented. The jurisdiction of the county court of Potter county, in so far as it affected the appointment of appellants, was first invoked in the petition of appellee for appointment as temporary administratrix pending the contest filed by her as to the validity of the will. It is well here to note that no prior judgment of the court respecting such subject-matter had theretofore been entered. If it had the jurisdiction to entertain appellee's motion and enter judgment thereon, the contention of appellants is without merit. An improper exercise of the power to appoint is not involved in this appeal.

■ If the county court has the jurisdiction to determine that no valid will has been made, and hence no estate has passed to the executors in trust, but is lacking in the power to preserve the estate pending the determination of this question, then the jurisdiction granted to it by the Constitution in matters of this kind would in some cases become only an empty and sterile one. It may be said in a general way that courts possess inherent powers to enter such orders as will render effective those directly conferred upon them by law. A grant of jurisdiction implies the necessary and usually incidental powers essential to effectuate it. 15 C. J. 810. A regularly constituted court has power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction. 15 C. J. 811. As illustrative of these it has been said that the Supreme Court has inherently the power to preserve the subject-matter of the litigation pending appeal, Finlen v. Heinze, 27 Mont. 107, 69 P. 829, 70 P. 517; Keneweg Co. v. Schilansky, 47 W.

Va. 287, 34 S. E. 773; and that courts possessed with the jurisdiction to grant letters testamentary or of administration have the inherent power to grant a limited administration whenever it is necessary for the purposes of justice. McArthur v. Scott, 113 U. S. 399, 5 S. Ct. 652, 28 L. Ed. 1015. Article 5, § 16, of the Constitution, invests the county court with "the general jurisdiction of a probate court." Article 1956, R. S., provides: "Subject to the limitations stated in this chapter, the county court is authorized to hear and determine any cause which is cognizable by courts, either of law or equity, and to grant any relief which could be granted by said courts, or either of them."

The above is not intended as a direct holding that the county court has the inherent power to appoint a temporary administrator nor by implication that said power is lacking under the statute, but is rather intended to illustrate what must have been the legislative intent in passing the articles of the statute which we now quote.

"Pending a contest relative to the probate of a will, or the granting of letters of administration, the county judge may appoint a temporary administrator, with such limited powers as the circumstances of the case may require; and such appointment may continue in force until the termination of the contest and the appointment of an executor or administrator with full powers." Article 3378, R. C. S. 1925.

"Any person interested in any will which shall have been probated under the laws of this State may institute suit in the proper court to contest the validity thereof, within four years after such will shall have been admitted to probate, and not afterward." Article 5534, R. C. S. 1925.

■■ We think it was intended by the enactment of article 3378, supra, to place beyond controversy the right of a county judge to protect the assets of an estate from dissipation by those in charge thereof who act without responsibility to such judge, pending a contest of the character here noted. If circumstances arise when the estate is without a regular representative responsible to the county court, and it becomes necessary, in the judgment of said court, to preserve the corpus of such estate pending the disposition of a contest involving it, we need to look no further than this article for his authority. Express right is given by article 5534 to "any person interested in any will * * * to contest the validity thereof, within four years after such will shall have been admitted to probate." The right to appoint a temporary administrator exists under these articles after the will has been admitted to probate, as well as pending the application to probate. Any other construction would leave a probate court with a jurisdiction to declare a will invalid but without the right to protect the es-

tate for the benefit of those legally entitled to it. As pointed out above, such right is usually implied when necessary to make effective a specific grant of power. Nor is this question affected, as contended by appellants, by the fact that the duly appointed executors had already qualified and were acting at the time of the appointment of appellee as temporary administratrix. Their appointment and power to act did not spring from any judgment of the court. Its only act was to give authenticity by an order of probate to the instrument appointing them. We would here have an entirely different question if appellee had been faced prior to her appointment with a judgment appointing appellants representatives of the estate of this deceased, and which made them directly responsible as such to the probate court.

In the case of Gaines v. First State Bank (Tex. Civ. App.) 28 S.W.(2d) 297, it was held that the district court had the power to appoint a receiver for an estate in the hands of an independent executor. This seems to support our view that the appointment of an independent executor under a will could not be given a res adjudicata effect merely because the will had been probated and that such executor might be displaced in an ex parte hearing where the interest of the estate demands it. We find no Texas authority which we are willing to give controlling effect in the disposition of the question presented. Loose expressions occur in some cases, which standing alone might be construed against the conclusion we announce, but an analysis of these will disclose that the exact point here decided was not in the mind of the court at the time such opinions were written.

The second contention of appellants is that the court erred in refusing to approve a contract to bind the estate for a reasonable attorneys' fee, which is referred to in the statement of the case. We are of the opinion that the court could not in advance of a hearing on the merits enter such an order. The final determination of this question depends upon many contingencies. Somewhat akin to this question is the one many times before the court of the right and propriety of filing unliquidated claims with administrators and executors.

In the case of Greer's Estate v. Cooper, 50 S.W.(2d) 345, this court held, in effect, that, since a claim for reasonable attorneys' fees was unliquidated and contingent, it could not be filed with the executors, and hence its filing was unnecessary; that no judgment could be entered fixing the fee until the services had been performed.

In Hume v. Perry (Tex. Civ. App.) 136 S. W. 594, 596, the court limited the application of the statute regarding claims against estates to those that were "fixed and definite, not contingent or indeterminate, and which are susceptible of verification by affidavit." See, also, 24 C. J. 330.

The facts and circumstances to be considered in determining the amount of compensation to attorneys in such cases, or whether any at all may be allowed, are many and varied. The character of services rendered, the time, labor, and trouble involved, the character and importance of the litigation, are all proper elements to be considered in determining the amount of same. 3 Amer. & Eng. Ency. of Law, pp. 420, 421. In determining whether any compensation is to be allowed, the fraudulent acts of executors in the pretended execution of a will and in subsequent probate will enter into the matter. Renn v. Samos, 37 Tex. 240; Smith v. Haire, 133 Tenn. 343, 181 S. W. 161, Ann. Cas. 1916D, 529. The good faith of such executors in resisting a contest involving the validity of a will is always to be considered. Rowe v. Dyess (Tex. Com. App.) 213 S. W. 234; 10 A. L. R. 789. The insolvency of the estate has been held to affect the question on the ground that the creditors cannot be interested in such contest. Hamilton v. Shillington, 19 App. D. C. 268. Ordinarily, attorneys' fees are not recoverable in the absence of a contract, express or implied, or of a statute authorizing same. The only statute we have respecting this particular question of which we are aware is article 3691, R. C. S., reading as follows: "Executors and administrators shall also be allowed all reasonable expenses necessarily incurred by them in the preservation, safe-keeping and management of the estate, and all reasonable attorney's fees, that may be necessarily incurred by them in the course of the administration."

Under the plain language of this statute, the extent of the attorneys' services to the executors personally, where they are interested, in contradistinction to services rendered directly for the benefit of the estate, would necessarily have to be considered in making allowance for attorneys' fees.

The above shows the many future contingencies which will enter into a determination of this question and which make it impossible for the court to enter an order at the present state of the proceedings.

We regard the request for an allowance of expenses as resting upon the same basis and governed by the same rules. A judgment entered now in either of such matters would be premature.

Believing that the district court correctly disposed of the legal issues before it, its judgment is affirmed.