## HUTCHERSON v. HUTCHERSON et al.
### No. 10895.

Court of Civil Appeals of Texas. Galveston.

Nov. 29, 1939.

Rehearing Denied Jan. 18, 1940.

Clay Cotten, and J. Lee Bilberry, both of Palestine, for appellant.

W. R. Petty, of Palestine, for appellees.

MONTEITH, Chief Justice.

This is an appeal in an action originally brought by appellees, G. W. Hutcherson, Mrs. Carrie Oldham, and Mrs. Bertha Dodson, against appellant J. S. Hutcherson, as independent executor of the estate of J. D. Hutcherson, deceased, in the form of an application filed in the probate court of Anderson County, Texas, for an order directing the said J. S. Hutcherson, as such independent executor, to deliver to appellees the residue of the property of said estate.

Appellant answered by pleas in abatement to the jurisdiction of the county court and by general demurrer and general denial.

The county court of Anderson County sustained said pleas in abatement and entered an order dismissing appellees' application. The case was appealed to the district court of Anderson County, which court overruled the said pleas in abatement, proceeded to hear the cause on its merits, and entered an order requiring appellant to deliver to appellees three notes, which constituted the residue of the property of said estate.

Appellant bases his appeal on the action of the district court in overruling his pleas to the jurisdiction of the county court, and contends that the provisions of testator's will conclusively show an intention on the part of testator that appellant, as such independent executor under his will, should handle his estate free of any action of the probate court.

J. D. Hutcherson died in Anderson County, Texas, leaving a will under the terms of which J. S. Hutcherson was appointed independent executor of his estate.

Said will was duly probated in cause No. 4044 in the county court of Anderson County, Texas, and J. S. Hutcherson was appointed independent executor of said estate and thereafter qualified by taking the oath as such executor. He subsequently filed an inventory, appraisement, and list of claims of said estate. The said will of J. D. Hutcherson named his four children,

George W. Hutcherson, Mrs. Carrie Oldham, Mrs. Bertha Dodson, appellees herein, and Mrs. Jewel Wilson, as his sole beneficiaries. It provided for one special bequest to Mrs. Jewel Wilson and that the remainder of the estate, after the payment of such bequest, should be equally divided between his said four children. At the time of the filing of the application upon which this appeal is based, all of the debts due by the estate had been paid, all land belonging to the estate had been partitioned among the devisees, and all assets of the estate had been liquidated, with the exception of the three notes referred to above, and the proceeds thereof had been paid over to the four children of the deceased.

The only question involved in this appeal is whether the county court had jurisdiction of this action brought by the devisees under said will against the independent executor thereof, requiring him to turn over to them the assets of said estate held by him as such independent executor.

The will of J. D. Hutcherson, deceased, omitting portions thereof immaterial to this appeal, is as follows:

"I hereby constitute and appoint my brother, J. S. Hutcherson, executor of this my last will and testament, and direct that no bond or security be required of him as executor.

"It is my will and desire that no other action shall be had in the county court in the administration of. my estate than to prove and record this will, and to return an inventory and appraisement of my estate, and list of claims."

Article 3436 of the Revised Statutes of 1925 reads: "Any person capable of making a will may so provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement and lists of claims of his estate."

 ██. In construing Article 3436, the courts of this state have uniformly held that a testator is vested with absolute power to select his own representative, subject only to the qualification that he be sane and twenty-one years of age, Shaffer et al. v. Luby's Estate et al., Tex.Civ.App., 297 S.W. 582, Journeay v. Shook, 105 Tex. 551, 152 S.W. 809, and that unlike an ordinary administrator whose appointment and duties are under the direct control and supervision of the probate court, no judicial act of the court is directly involved in their appointment, or, after their appointment, in the management of the affairs of said estate; Higginbotham et al. v. Alexander Trust Estate, Tex.Civ.App., 129 S.W.2d 352; Ware v. Barfield, Tex.Civ.App., 54 S.W.2d 1105; and that, where the language of a will appointing an independent executor is clear and unambiguous, he becomes a creature of the will and not of the probate court. He is by the terms of the will vested with unbridled authority over the estate and is authorized to do any act respecting it which the court could authorize to be done if the entire estate were under its control, or whatever testator himself could have done in his lifetime, except as restrained by the terms of the will itself. Higginbotham v. Alexander Trust Estate, supra; Ware v. Barfield, supra; Schramm v. Hoch, Tex.Civ.App., 241 S.W. 1087; Roy v. Whitaker, 92 Tex. 346, 48 S.W. 892; Ewing v. Schultz, Tex. Civ.App., 220 S.W. 625.

The will of J. D. Hutcherson, deceased, provided that no bond should be required of the executor, and in language too clear and plain to be misunderstood directed that his estate should be administered free of any control of the probate court. The provision of the will in this respect is in almost the identical language of Article 3436, above referred to.

 The Supreme Court in the case of Griggs v. Brewster, 122 Tex. 588, 62 S.W.2d 980, in an opinion by Chief Justice Cureton, in passing on the exact question presented in this appeal announced the rule that the district court has jurisdiction of a suit brought against an independent executor for the recovery of property, both real and personal, alleged to belong to an estate and withheld from the assets of the estate, and to determine the ownership of such property, and to decree a partition thereof, as well as the other property of the estate, among those entitled thereto, and that *the probate court has no jurisdiction of controversies between an independent executor and the devisees under the will.* (Italics ours.)

This rule is followed in the case of Kopplin v. Ewald, Tex.Civ.App., 70 S.W.2d 608. In its opinion the court says:

"While it may be true that in cases of regular administration under bond the probate court has exclusive original jurisdiction of claims against estates under administration, such is not the law in cases where estates are being administered by independent executors without bond, under testa-

mentary provisions that the probate court shall have no control over the estate. The effect of such provision is to deprive the probate court of jurisdiction of claims against the estate (including the claim of the widow for allowances in lieu of exemptions and for maintenance) and to relegate such claims to the district courts. 13 Tex.Jur. p. 791, § 211; Runnels v. Runnels, 27 Tex. [515] 516; Holmes v. Johns, 56 Tex. 41; Lumpkin v. Smith, 62 Tex. 249; Roy v. Whitaker, 92 Tex. 346, 48 S.W. 892, 49 S.W. 367; Id. (Tex.Civ.App.) 50 S.W. 491. * *

"Such claim must be instituted and prosecuted in the district court as any other cause of action; that is, upon petition and citation returnable to the ensuing term of court, after at least ten full days' service of citation."

Under the above authorities the judgment of the district court will be reversed and the cause dismissed.

Reversed and dismissed.