ALICE NATIONAL BANK et al., Appellants,

v.

William R. EDWARDS et al., Appellees.

No. 102.

Court of Civil Appeals of Texas.

Corpus Christi.

Oct. 22, 1964.

Rehearing Denied Nov. 12, 1964.

Kenneth Oden, of Perkins, Floyd, Davis & Oden, Alice, Waggoner Carr, Atty. Gen. of Texas, Austin, Elmore H. Borchers, Laredo, Patrick J. Horkin, Jr., of Horkin, Nicolas & Nicolas, Corpus Christi, for appellants.

Frank Nesbitt, of Fischer, Wood, Burney & Nesbitt, Corpus Christi, Wm. C. Wright, Tom Goodwin, John E. Fitzgibbon, Laredo, Burch Downman, Houston, Bascom Cox, of Cox & Wilson, Brownsville, Geo. E. Donalson, III, Houston, E. Jack Cook, Kingsville, Paul Y. Cunningham, Brownsville, Norton A. Colvin, San Benito, Moises V. Vela, Harlingen, Carlos G. Watson, Brownsville, for appellees.

## PER CURIAM.

A suit involving the contest of a will is pending in the County Court of Kenedy County, Texas. Appellants are proponents and appellees, except William R. Edwards, are contestants in said suit. Appellee Edwards is Special County Judge of Kenedy County duly named to act in all proceedings in the will contest in the County Court.

This appeal is from a judgment of the District Court of Kenedy County dismissing a petition for writ of mandamus relating to certain pre-trial orders involving discovery under Rules 177a, 186a and 186b, Texas Rules of Civil Procedure and to other pre-trial matters in the County Court case, filed in the District Court by appellants against appellees. Said judgment recites as the sole ground for dismissal that the District Court "has no jurisdiction to entertain plaintiffs' petition for writ of mandamus." The only question before this Court on this appeal is whether the District Court erred in refusing to take jurisdiction of the petition for mandamus.

In their briefs and on oral argument before this Court, counsel for all parties agreed that a District Court does have jurisdiction in a mandamus proceeding against a County Judge sitting in County Court *under certain limited conditions,* such as where relief is sought against a void order, or against an action of the County Court which

is patently violative of mandatory provisions of the law, or where there is failure to perform a ministerial duty, That a District Court does have jurisdiction to entertain a petition for writ of mandamus under such conditions is fully supported by the following Texas authorities: Article 5, § 8, Texas Constitution, Vernon's Ann.St.; Article 1914, Vernon's Ann.Tex.St.; Thorne v. Moore, 101 Tex. 205, 105 S.W. 985; Journeay v. Shook, 105 Tex. 551, 152 S.W. 809; Southern Bag & Burlap Co. v. Boyd, 120 Tex. 418, 38 S.W.2d 565; Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677; State Board of Insurance v. Betts, 158 Tex. 612, 315 S.W.2d 279; Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434; Neville v. Brewster, 163 Tex. 155, 352 S.W.2d 449; Maresca v. Marks, Tex.Sup.1962, 362 S.W.2d 299; Crouch v. Craik, Tex.Sup.1963, 369 S.W.2d 311; 37 Tex.Jur.2d, Mandamus, § 41, page 654, et seq.; same, § 70, page 714, et seq.

While a number of the above authorities involve applications for writ of mandamus originally filed in the Supreme Court of Texas against District Judges, the same principles of jurisdiction would apply to an application for the writ filed in the District Court against a County Judge. Journeay v. Shook, supra; Thorne v. Moore, supra; Love v. Wilcox, 119 Tex. 256, 28 S.W.2d 515, 70 A.L.R. 1484.

Appellees contend that the petition for mandamus fails to set forth allegations which could confer jurisdiction on the District Court to issue the writ and grant the relief prayed for under any of the limited conditions mentioned above. We recognize the rule that an action for mandamus requires greater certainty of pleading than is required in ordinary causes, and that the necessary facts must be stated clearly, fully, and unreservedly, by direct and positive allegations. 37 Tex.Jur.2d, Mandamus, §§ 97–98, page 751, et seq.; Harney v. Pickens, 120 Tex. 268, 37 S.W.2d 717; In re Greer, Tex.Civ.App., 41 S.W.2d 351, writ dis. However, after a careful study of appellants' 32-page amended petition, we

conclude that the allegations contained therein are sufficient to invoke the jurisdiction of the District Court to hear and determine the issues raised and that the District Judge erred in dismissing the case for lack of jurisdiction to entertain appellants' petition. We express no opinion as to how any of the issues should be decided, leaving that to the trial court when it has taken jurisdiction of the cause.

Appellees' Motion to Dismiss Appeal is Overruled.

Judgment reversed and remanded.