Brad **MOORE** and Lisa Evans, Individually and as Representatives of the Estate of Mary Stevens, Appellants,

v.

Weldon **JOHNSON**, D.O., Appellee.

No. 05–03–01097–CV.

Court of Appeals of Texas, Dallas.

July 27, 2004.

Rehearing Overruled Sept. 28, 2004.

**340**

Patrick Short, Law Firm of Patrick Short, Rockwall, for Appellant.

William H. Chamblee, Chamblee & Ryan, Dallas, for Appellee.

Before Chief Justice THOMAS and Justices MORRIS and WHITTINGTON.

## OPINION

Opinion by Justice WHITTINGTON.

Appellants Brad Moore and Lisa Evans, individually and as representatives of the Estate of Mary Stevens, deceased, appeal a summary judgment granted in favor of appellee Weldon Johnson. In three issues, Moore and Evans contend they have standing as independent executors of Stevens's estate to prosecute the medical malpractice lawsuit originally filed by Stevens. They contend Johnson waived any complaint as to their capacity or standing to sue by failing to file a verified plea in abatement. They also claim their first amended original petition relates back to the date of Stevens's original petition and is not barred by limitations. We reverse

the trial court's judgment and remand the cause for trial.

### BACKGROUND

Stevens filed a medical malpractice lawsuit against Johnson in July, 1996. Stevens alleged Johnson was negligent in failing to diagnose and treat a malignant tumor. There is no dispute about Stevens's standing to assert the claim against Johnson, or that her claim would be of the type that survives in favor of her heirs and estate. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.021 (Vernon 1997) (cause of action for personal injury survives in favor of heirs and estate of the injured person).

Stevens died in February, 1997, while the lawsuit was pending. She left a will appointing her children, Moore and Evans, her executors without bond.[1] On April 8, 1997, Moore and Evans filed an Application for Probate of Will Produced in Court and for Issuance of Letters Testamentary in the county court of Rockwall County, Texas. On May 20, 1997, the county court entered an order admitting Stevens's will to probate, appointing Moore and Evans independent executors of the estate, and ordering letters testamentary to be issued. On the same day, Evans filed her Oath of Executor in county court. On June 5, 1997, Moore and Evans filed a verified Suggestion of Death in Stevens's malpractice case. They alleged they were co-executors of the estate, and requested they be named as plaintiffs and that suit proceed in their names. Moore filed his Oath of Executor in county court on June 20, 1997. On December 27, 1999, Moore and Evans filed an amended petition in the malpractice action, requesting survival

---

1. The will first appointed Stevens's then-spouse as executor, with the children to serve if he failed to do so.

damages resulting from Johnson's negligence.

On May 23, 2002, Johnson filed a motion for summary judgment alleging Moore and Evans lacked standing to sue on behalf of the estate, and their individual claims were barred by limitations. As part of his summary judgment proof, Johnson filed the contents of the county court's file, including the May 20, 1997 order and the executors' oaths filed by Evans and Moore. The trial judge granted Johnson's motion for summary judgment "as to all claims of all Plaintiffs," but without specifying the grounds, on April 25, 2003. Evans and Moore filed a motion for new trial on May 22, 2003, attaching a certificate titled "Letters Testamentary," issued by the Rockwall County clerk, certifying Evans was granted letters testamentary and duly qualified as independent executrix of Stevens's estate on June 20, 1997. The motion for new trial was overruled by operation of law. *See* Tex.R. Civ. P. 329b(c). Moore and Evans appeal.

### STANDARD OF REVIEW

The standard of review in summary judgment is well-established. *See* Tex.R. Civ. P. 166a(c); *Black v. Victoria Lloyds Insurance Co.,* 797 S.W.2d 20, 23 (Tex. 1990). In reviewing a summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985). Every reasonable inference in favor of the nonmovant is allowed, and all doubts are resolved in his favor. *Nixon,* 690 S.W.2d at 548–49.

To prevail on summary judgment, a defendant as movant must either disprove at least one element of each of the plaintiff's theories of recovery or plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *See City of*

*Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); *Hoover v. Gregory,* 835 S.W.2d 668, 671 (Tex.App.-Dallas 1992, writ denied). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *See Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex. 1982).

When a trial judge grants summary judgment without specifying the grounds, the summary judgment must be affirmed on appeal if any of the theories advanced are meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989).

### DISCUSSION

Appellants' first issue asserts summary judgment was improper because the question is one of capacity, not standing, and the issue of capacity was not presented in a verified plea in abatement. Their second issue addresses the standing argument. Their third issue addresses limitations. We address the second issue because it is dispositive of the appeal. *See* Tex.R.App. P. 47.1.

Johnson urges Moore and Evans lack standing because they did not file letters testamentary when requesting substitution as parties plaintiff or when filing their amended petition asserting claims against Johnson in their representative capacities. He further argues Moore did not timely take his oath. He maintains these factors deprived the trial court of jurisdiction. We disagree.

Under the Probate Code, when a will has been probated, the court shall grant letters testamentary within twenty days to the executors appointed by the will "as are not disqualified, and are willing to accept the trust and qualify according to law." Tex. Prob.Code Ann. § 178 (Vernon 2003).

The county court heard the application for probate of will and issuance of letters testamentary, admitted the will to probate, and ordered "that upon taking and filing of the Oath required by law, Letters Testamentary shall be issued to the Applicants [Moore and Evans], who are appointed as Independent Executor/Executrix of the Decedent's will and Estate . . .".

Section 189 of the Probate Code provides the executor "shall be deemed to have duly qualified when he shall have taken and filed his oath required by law." TEX. PROB.CODE ANN. § 189 (Vernon 2003). There is no question that both appellants took and filed their oaths. As to timeliness, Evans took and filed her oath the same day as the county court's order. Moore filed his oath thirty-one days after the order appointing him executor and granting him letters testamentary. Section 192 of the Probate Code permits filing of the oath in twenty days of the order "or before such letters shall have been revoked for a failure to qualify within the time allowed." TEX. PROB.CODE ANN. § 192 (Vernon 2003). There is nothing in the record indicating Moore's letters were ever revoked. Thus, both Evans and Moore were "duly qualified" years before the summary judgment motion was filed. Even if Moore was not duly qualified because of his late oath, Evans could have proceeded on behalf of the estate, and her actions would be valid as if she had acted jointly with Moore. *See* TEX. PROB.CODE ANN. § 240 (Vernon 2003).

There was summary judgment evidence showing Evans and Moore were duly qualified executors. Although the simplest proof would be letters testamentary, *see* TEX. PROB.CODE ANN. § 186 (Vernon 2003) (letters testamentary "shall be sufficient evidence of the appointment and qualification of the personal representative of the estate"), and there were no letters in the summary judgment record, the record did include the application for probate, the will, the May 20, 1997 order appointing Evans and Moore executors upon qualification, and their qualification by taking and filing the oath.

 The issuance of letters is a ministerial act. *Journeay v. Shook,* 105 Tex. 551, 152 S.W. 809, 810 (1913); TEX. PROB. CODE ANN. § 182 (Vernon 2003) (clerk *shall* issue and deliver letters when executor has been qualified); TEX. PROB.CODE ANN. § 178(a) (court *shall* grant letters testamentary to executor appointed by will when will has been probated and executor qualifies according to law). Once Moore and Evans filed their oaths, no further action was required on their part to qualify as executors. The letters must issue as a matter of course. *Journeay,* 152 S.W. at 810; TEX. PROB.CODE ANN. §§ 178, 182.

The probate code does not provide that letters are a prerequisite to filing or maintaining a claim on behalf of an estate. *See* TEX. PROB.CODE ANN. § 233A (Vernon 2003) (executors "appointed in this state" may institute suits for recovery of damages). Further, under the rules of civil procedure, where the cause of action is one that survives, a pending suit does not abate upon the death of a party but may proceed to judgment. TEX.R. CIV. P. 150. The heirs or executor may appear and upon suggestion of death being entered of record may be made plaintiff and suit proceed in his or their name. TEX.R. CIV. P. 151. There is no requirement that letters testamentary be filed or any particular proof be offered with the suggestion of death. *See* TEX. RS. CIV. P. 150–151.

In sum, the probate code provides that letters are proof of the appointment and qualification of the personal representative, but there is nothing in the code prohibiting proof of the same facts—that is, appointment and qualification of the execu-

tor—by another method, such as through the order of appointment and the oath. *See* TEX. PROB.CODE ANN. §§ 186, 189. The summary judgment evidence established Moore and Evans were "duly qualified" representatives of Stevens's estate with standing to assert her claims in the suit against Johnson. *See* TEX. PROB.CODE ANN. § 189.

Johnson relies on authority regarding the proof that heirs, not executors appointed by the decedent and the probate court, must offer to bring suit on behalf of the estate. *See, e.g., Ford Motor Co. v. Cammack,* 999 S.W.2d 1 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). *Cammack* was a wrongful death and survival suit by parents whose daughter died in an automobile accident. No suit had been filed by the daughter prior to her death; the suit was for injuries sustained in the accident that caused her death. *See Cammack,* 999 S.W.2d at 3. The issue in *Cammack* was whether the parents as *heirs* of their daughter's estate could bring and maintain a survival action where there was no proof they were the rightful heirs; there had been no administration of the daughter's estate; and there was no showing that administration of the estate was unnecessary. *See Cammack,* 999 S.W.2d at 5.

■ As noted by the *Cammack* court, generally, the personal representatives of the decedent's estate are the only people entitled to recover estate property. *See Cammack,* 999 S.W.2d at 4; *see also Shepherd v. Ledford,* 962 S.W.2d 28, 31 (Tex. 1998). Circumstances can exist, however, when an heir may have standing to bring suit on behalf of the decedent's estate. *Cammack,* 999 S.W.2d at 4; *Shepherd,* 962 S.W.2d at 31. The question in *Cammack* was whether the circumstances existed for the parents, as heirs, to bring suit, and the court answered in the negative. *See Cammack,* 999 S.W.2d at 4–6. Without proof

there was no administration of the estate pending and none was necessary, the parents as heirs had no standing to bring a survival action. *Cammack,* 999 S.W.2d at 10–11. *See also Richardson v. Vaughan,* 86 Tex. 93, 23 S.W. 640, 641 (1893) (heirs cannot sue without alleging and proving there is no administration upon the estate and there is no necessity for one); *Youngs v. Youngs,* 26 S.W.2d 191, 192 (Tex. Comm'n App.1930, judgment adopted) (dismissal proper where heirs failed to plead and prove there was no administration pending and none was necessary).

These cases, requiring pleading and proof by heirs asserting survival claims, are distinguishable. As noted by the *Youngs* court, where heirs are asserting a survival claim without proof there will be no administration of the estate, "there would be nothing to prevent the administrator from bringing another suit to recover the property here involved, and thus cause the defendant to be subjected to two suits involving exactly the same issues and subject-matter." *Youngs,* 26 S.W.2d at 195. Here, in contrast, where there is proof of administration of the estate, and proof the persons asserting the survival claim are the duly qualified representatives of the estate, the same risk of duplicative suits does not exist. None of the cases cited by appellee hold that letters testamentary must be proffered as summary judgment evidence to establish standing on behalf of a duly qualified independent executor to continue a survival claim on behalf of the estate. Where, as here, there is summary judgment proof the persons asserting the survival claim have applied for probate of the will and letters testamentary; have obtained an order admitting the will to probate, appointing them as executors, and issuing letters testamentary; and have taken the required oath to qualify as executors, sum-

mary judgment dismissing the survival claim is improper.

We reverse the trial court's judgment and remand the cause for trial.