**A. L. CROUCH, Judge of the Probate Court of Tarrant County, Texas, Appellant,**

v.

**William E. SHIELDS, Jr., Guardian, Appellee.**

No. 16461.

Court of Civil Appeals of Texas.

Dallas.

Dec. 4, 1964.

Rehearing Denied Jan. 8, 1965.

Andress, Woodgate, Richards & Condos, Dallas, A. L. Crouch, pro se, Fort Worth, for appellant.

Lattimore & Lattimore, Fort Worth, for appellee.

PER CURIAM.

This appeal was transferred to this court by order of the Supreme Court of Texas.

William E. Shields, Jr., Guardian of the Estates of William E. Shields, III, and Katherine Marie Shields, Minors, brought this action in the District Court of Tarrant County, Texas seeking a writ of mandamus against A. L. Crouch, Judge of the Probate Court of Tarrant County, Texas. In his petition the guardian alleged that in June 1963, at the request of the probate judge, he had delivered into the possession of said official a set of books and records which contained information relevant to the estate of the minors; that despite repeated de-

mands the judge had failed and refused to deliver back these records, even for the limited purpose of bringing the books down to date and aiding in the preparation of tax returns for the year 1963; that it was necessary to have said books and records in order that said guardian, and his accountants, might prepare the federal income tax returns on behalf of the minors; that no justifiable reason existed for the failure on the part of the probate judge to deliver the records either to the guardian or to the accountants; that irreparable injury would result to these estates unless the books and records be made available by the probate judge. The guardian also alleged that on December 16, 1963 he had filed an application for the sale of certain real estate belonging to the estates of the minors; that a full and complete hearing was had on the application before Judge Crouch on February 13, 1964; that Judge Crouch has had more than a reasonable time to consider the evidence and merits of the application but refuses to act upon said application; that the continued delay and refusal by the judge to act will result in injury to the estates of the minors and will prevent the guardian from performing his duties to act for the best interests of the estates. The guardian also alleged that on the 13th day of September, 1963 he filed an application in the Probate Court to transfer the guardianship to the County Court, it being a court of concurrent jurisdiction, but despite repeated requests Judge Crouch has failed and refused to hear the motion.

Following a hearing before the court on March 19, 1964 the district judge issued the writ of mandamus directing Judge Crouch (1) to deliver forthwith the books and records in controversy to Arthur Young & Company, Certified Public Accountants of Fort Worth, Texas; (2) to make an order within two weeks from the judgment, either granting or overruling the application to sell the real estate; and (3) within ten days from the judgment to announce a date for a hearing on the motion to transfer the cause to the County Court.

The trial judge made findings of fact, *inter alia*, that the records of the estates previously delivered to Judge Crouch by the guardian were necessary and proper for the preparation of income tax returns but that Judge Crouch has refused to deliver said records to the guardian, or his accountants, and indicates that he does not intend to deliver said records or afford the guardian access thereto; that a full hearing has been had on the application of the guardian to sell real estate of the minors but that Judge Crouch has taken no action on the application nor any other action in this estate since June of 1963; that the guardian filed a motion requesting Judge Crouch to transfer the entire guardianship proceedings to the County Court but that Judge Crouch refuses to give the guardian a hearing on said motion. The trial judge concluded, as a matter of law, that the guardian was entitled to a writ of mandamus; that Judge Crouch has abused his discretion in refusing the guardian access to the records in question and in failing to act upon the application for the sale of the land belonging to the minors, and also in refusing to afford the guardian a hearing on his motion to transfer the guardianship proceedings. The court also found that no jury issue existed.

■■■■ Judge Crouch appeals, assigning seven points of error. Before directing our attention to the specific points raised by appellant we deem it advisable to comment upon the indirect attack upon the jurisdiction of the District Court of Tarrant County to issue a writ of mandamus directed to the Probate Court of that county, said attack being obliquely made in several of appellant's points and also in his oral argument before this court. We are of the opinion that the District Court had complete jurisdiction to issue the order upon which this appeal is based. The law is well established in Texas that a district court has jurisdiction in a mandamus proceeding against a county judge or a probate judge but such power is naturally limited to certain conditions, one of which being where there is a

failure on the part of the probate or county judge to perform a ministerial duty. Art. 5, Sec. 8, of the Constitution of Texas, Vernon's Ann.St. specifically provides that the district court shall have general control in probate matters, over the county court established in each county, as well as general control over executors, administrators, guardians and minors. Both Articles 1907 and 1914, V.A.C.S., implement the constitutional provisions. The following authorities leave no question concerning the jurisdiction of the District Court to issue a writ of mandamus under such conditions as was issued in this case: Thorne v. Moore, 101 Tex. 205, 105 S.W. 985; Journeay v. Shook, 105 Tex. 551, 152 S.W. 809; Southern Bag & Burlap Co. v. Boyd, 120 Tex. 418, 38 S.W.2d 565; Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677; Love v. Wilcox, 119 Tex. 256, 28 S.W.2d 515, 70 A.L.R. 1484; Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434; Neville v. Brewster, 163 Tex. 155, 352 S.W.2d 449; Crouch v. Craik, Tex., 369 S.W.2d 311; 37 Tex.Jur.2d, § 41, p. 654, et seq., and § 70, p. 714, et seq.

In the case of Capps v. Cowan, Tex. Com.App., 286 S.W. 161, the question of the right to issue a writ of mandamus to require the return of books and records, as in this case, was discussed and upheld by the court.

■ By his Point 1, appellant contends that the District Court had no right to mandamus him to hold a hearing on the motion of the guardian to transfer the case to another court because the statute authorizing such transfer between courts of concurrent jurisdiction does not provide for a motion or a hearing. The Probate Court of Tarrant County over which Judge Crouch presides was created by the Acts of the 55th Legislature of 1957, Page 1204, Chapter 400, as amended by the Acts of the 56th Legislature in 1959, Page 739, Chapter 334, Section 1, all being codified as Article 1970–345, V.A.C.S. This Act specifically gives concurrent jurisdiction between the Probate Court so created and the County Court of Tarrant County, already in existence. The

Act provides, in part: "The judge of either of said courts, in his discretion, may, by an order entered upon the minutes, on or after the first day of the initial term of said Probate Court of Tarrant County, transfer from either of said courts to the other, any such matter or proceeding then or thereafter pending therein * * *." Appellant points out that this statute does not expressly provide for a motion to be filed by a party seeking such a transfer but that such transfer remains solely within the discretion of the judge. The guardian's sworn pleadings to the effect that he had filed such a motion for transfer and that Judge Crouch had repeatedly refused to give him a hearing on said motion was not denied by Judge Crouch in his answer. Judge Crouch testified that he did not think he was obligated to hear the motion. We cannot agree with appellant's contention. The mere fact that the statute does not specifically provide for such a motion does not carry with it the implication that a party is without power to file a motion to transfer. Otherwise, no remedy would be available to any party who desired to request the court to exercise his discretion to transfer a case from one court to another. Appellee guardian makes it clear that he does not, by his application for writ of mandamus, ask the District Court to compel Judge Crouch to rule one way or the other on his motion. He merely asks that the judge rule. The writ of mandamus directing the court to set the motion for hearing does not interfere with the discretionary power of Judge Crouch. It does nothing more than direct him to perform a ministerial act. It has been said that where a judge refuses to exercise the discretion accorded him mandamus is a proper remedy. 37 Tex.Jur.2d, § 21, pp. 624, 625, and cases therein cited. Appellant's Point 1 is overruled.

■ By his Point 2, appellant attacks that part of the writ of mandamus directing him to rule upon the application to sell real estate, by contending that the guardian did not file the application to sell in con-

formity with the law and therefore he is not required to rule upon the application. In support of this point appellant argues that the application filed by the guardian does not conform to Section 342 of the Probate Code of Texas, V.A.T.S. in that there is no exhibit *"attached"* showing the condition of the estate. He further contends that the district judge carefully refrained from finding that the application was in conformity with the law. We disagree with appellant in this regard. The findings of the trial judge carried the necessary implication that the application was filed in due form. Section 342 of the Probate Code, relating to the contents of the application to sell real estate, provides that such application "shall be *accompanied* by an exhibit" showing fully and in detail the condition of the estate, etc. (Emphasis supplied.) It does not provide that such exhibit must be "attached" as contended by appellant. The issue of lack of essential exhibits is not presented by the pleadings. Appellee guardian alleged that he had filed his application, and attached a copy thereto, said application being under oath. Appellant, in his original answer, also verified, alleges that the guardian made application for the sale of the property and that a full hearing had been had in the Probate Court on February 13, 1964. He also alleged that at this hearing appellant had required the guardian to file a complete annual account of the guardianship through the calendar year 1963 and that such account was signed and sworn to by the guardian. Such being the condition of the sworn pleadings of both parties, we do not find the issue of exhibit to be raised. Marr v. Reynolds, Tex.Civ.App., 151 S.W.2d 263. In addition to the foregoing, we are of the opinion that should it be conceded that proper exhibits did not accompany the application to sell the real estate, such fact does not, as a matter of law, justify the refusal of the Probate Court to act upon the motion. The mandamus in this case is not directed against Judge Crouch in such a manner as to require him to rule one way or the other. It merely demands that he rule. He may well sustain the motion or he may overrule the same. The alleged insufficiency of the application to sell is not pertinent to the ultimate grant of the writ of mandamus in this case. This is further demonstrated by Judge Crouch's testimony wherein he positively says he will not act upon the application to sell the real estate until "it will serve the best interest of the estate or whenever the Supreme Court of Texas tells me to." Neither of the reasons assigned by the appellant is legally sufficient to justify his continued refusal to act at all—either to grant or deny the application. Appellant's second point is overruled.

By his Point 3 appellant assails the mandamus insofar as it relates to directing him to return certain records to the guardian or the accountants, it being contended that there was no demand and the guardian should have resorted to a motion to inspect or to apply for a writ of sequestration for their return. This position is not tenable. Insofar as a demand is concerned the record affirmatively shows that both in his pleadings and in his testimony Judge Crouch admits that he has the records in his possession and refuses to deliver them. There is nowhere a denial that a demand has been made for their return. Such fact is not in issue. Moreover, Judge Crouch's testimony that he refuses to deliver the records results in a situation where a demand would be a futile thing. Under such conditions the law does not require a demand to be made. McPhail v. Scarborough, Tex.Civ.App., 16 S.W.2d 858. Neither is there any merit to the contention that the guardian should have resorted to a writ of sequestration or similar process in order to obtain the records. Judge Crouch admits that the papers are in his custody. They are therefore in *custodia legis* and not subject to sequestration. Illinois Cent. R. Co. v. Ryan, Tex.Civ.App., 214 S.W. 642. Appellant's third point is overruled.

By his fourth and fifth points, closely interrelated, and both being general in nature, appellant contends that the appellee guardian cannot properly apply for a writ of mandamus because he does not have "clean hands" nor has he exhausted his legal remedies. Neither of these points has any merit. As to the "clean hands" theory appellant says that appellee has not complied with the law in performing his various duties as guardian of the estates of the minors. Without deciding this question it is sufficient to say that if such are the facts then they would be the basis for an action to remove the guardian. We have been cited no authority, nor are we able to find any, holding that under such conditions the guardian is prevented from requesting that the probate judge perform his duty as a judge. As to the argument concerning exhaustion of legal remedies, the action here does not fall within the category of the ordinary equitable writ of mandamus. This action, in essence, is permitted by the constitution and statutes above quoted. Since the matter lies well within the jurisdiction of the District Court we find no merit in appellant's contention. Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823. Moreover, appellee guardian has no legal remedy of appeal for the simple reason that the action on the part of the probate judge in this case in flatly refusing to rule on the matters presented prevent any appeal.

In his sixth point appellant argues that since there is no evidence of any demand before suit for any of the relief sought, that mandamus is not proper. We have already discussed the question of demand and requests in our consideration of previous points. There is no issue of lack of demand presented by either the pleadings or the evidence. The sixth point is overruled.

By his seventh and last point appellant contends that he was denied the right of trial by jury. Appellant did request a jury and paid the jury fee. However, the trial judge found, as a matter of law, that no issue of fact was presented in this record. We have carefully reviewed the verified pleadings as well as the statement of facts in its entirety and agree with the trial court's finding that no issue of fact was presented and therefore appellant has not been prejudiced by a denial of a jury. The material facts are undisputed. Judge Crouch admits that he would not, under any circumstances, deliver up the records in question; that he would not afford the guardian a hearing on his application to transfer the case; and that he would not act on the application to sell until "it will serve the best interests of the estate or whenever the Supreme Court of Texas tells me to." There being no dispute on these material issues, no issue of fact would have been submitted to a jury, had one been granted. Appellant's seventh point is overruled.

A careful review of this entire record reveals a rather unfortunate condition to exist in the Probate Court of Tarrant County, Texas between Judge Crouch and the executor and his attorneys in this particular case. The testimony reveals a bitter feeling between the parties involved and we do not believe that it would serve a useful purpose to burden this opinion with a recitation of more of the record. It is sufficient to say that we have carefully reviewed the entire record and find that the findings of fact on the part of the trial judge are supported by probative evidence and that the conclusions of law are correct. 4 Tex.Jur.2d, § 839, p. 398, et seq. The judgment of the trial court is affirmed.

Affirmed.