**Conditionally Granted and Opinion Filed January 31, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01312-CV

### IN RE KENNETH L. BUHOLTZ, Relator

**Original Proceeding from the 469th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 469-51173-2010**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Brown
Opinion by Justice Bridges

In this original proceeding, relator seeks a writ of mandamus ordering the district court to rule on multiple pending motions, some of which have been pending since 2013, in a suit affecting the parent-child relationship. By order dated December 1, 2016, we ordered the district court and the real party in interest to file responses to the petition for writ of mandamus by December 15, 2016. Neither filed a response. Because relator has shown himself entitled to mandamus relief, we conditionally grant in part the writ requested.

**Applicable Law**

A trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). To be properly filed and timely presented, a motion must be presented to a trial court at a time when the court has authority to act on the motion. *See*

*In re Hogg–Bey*, No. 05–15–01421–CV, 2015 WL 9591997, at *1–2 (Tex. App.–Dallas Dec. 30, 2015, orig. proceeding) (mem. op., not designated for publication).

No litigant is entitled to a hearing at whatever time he may choose, however. *In re Chavez*, 62 S.W.3d 225, 229 (Tex. App.—Amarillo 2001, orig. proceeding). A trial court has a reasonable time within which to consider a motion and to rule. *In re Craig*, 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding). The circumstances of the case dictate whether the trial court has ruled within a reasonable time. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

Although a trial court has a duty to rule within a reasonable time, the relator seeking a writ of mandamus compelling the trial court to rule must establish that he took action to alert the trial court that it had not yet considered his motion. *In re Dong Sheng Huang*, No. 01-15-00962-CV, 2016 WL 1162817 (Tex. App.—Houston [1st Dist.] Mar. 24, 2016, orig. proceeding) (internal citations omitted); *Crouch v. Shields*, 385 S.W.2d 580, 582 (Tex. App.—Dallas 1964, writ ref'd n.r.e.) (writ of mandamus properly issued compelling probate judge to rule where judge had more than a "reasonable time" to consider the merits and rule but still refused to act). When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, mandamus will not issue unless the record shows that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.* It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992); Tex. R. App. P. 52.3(k), 52.7(a).

**Analysis**

This is relator's fourth petition for writ of mandamus regarding requests for rulings on pending motions. We denied the first two petitions for failure to properly authenticate the mandamus record. *In re Buholtz*, No. 05-14-01286-CV, 2014 WL 5426127, at *1 (Tex. App.—Dallas Oct. 27, 2014, orig. proceeding) (mem. op.); *In re Buholtz*, No. 05-14-00955-CV, 2014 WL 3762535, at *1 (Tex. App.—Dallas July 30, 2014, orig. proceeding). We denied the third petition on September 16, 2015 because the trial court proceeding had been recently transferred from the 219th Judicial District Court to the 469th Judicial District Court, and the new trial court had not yet had a reasonable time to rule on the motions.

In the current proceeding, relator has corrected the deficiencies of his prior petitions and has provided the Court with a sufficient record from which we can make a determination. All but one of the motions at issue have been on file for a minimum of nine months and some for as long as three years. Relator reminded the district court at least once, in a September 29, 2015 Motion and Request for Rulings on Open Motions, that the pre-transfer motions are pending and asked the court to rule on the motions. The docket sheet lists correspondence from relator on March 22, 2016 requesting expeditious decisions and orders, and relator's motion to transfer venue filed on October 24, 2016 also notifies the trial court of all pending motions. The trial court has had a reasonable time to rule on these motions, relator has taken action to alert the trial court that it had not yet considered the motions and has requested the trial court to rule on the motions. The trial court has a ministerial duty to expeditiously rule on the motions but has failed to do so.

Accordingly, we conditionally grant relator's petition for writ of mandamus in part and direct the trial court to issue written rulings on the following motions within twenty-one days of the date of this opinion:

- Motion for Enforcement of Divorce Decree, filed October 30, 2013;

- Motion for Hearing, filed December 16, 2013 (pertains to Motion for Enforcement);

- Motion for Correction of Judgment, filed May 27, 2014;

- Motion for Order to Show Cause Why Dilia Lulieth Buholtz Should Not Be Held In Contempt, filed June 23, 2014;

- Revision of Plaintiff's Motion to Appear by Telephone, filed June 23, 2014;

- Application and Motion for Stay, filed January 6, 2016;

- Motion to Modify Child Support Order, filed January 6, 2016;

- Motion to Vacate and Set Aside Judgment, filed January 6, 2016;

- Motion for Contempt Order against Alicia C. Key, dated February 2, 2016 and file-stamped February 29, 2016; and

- Plaintiff's Motion to Change Venue, dated July 8, 2016 and filed October 24, 2016.

We deny relator's petition as to relator's May 27, 2014 motion to recuse because that motion became moot when the case was transferred to the 469th judicial district court. A writ will issue only in the event the trial court fails to issue the orders as directed herein within twenty-one days of the date of this opinion. Because we assume the trial court will comply with this opinion, we direct our clerk not to issue the writ of mandamus unless information is received that the district court has not so complied.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE


161312F.P05

–4–