**Conditionally granted and Opinion Filed August 7, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00742-CV

## IN RE GRACIELA QUIROZ, INDIVIDUALLY AND AS NEXT FRIEND OF JOHN DOE 1 AND JOHN DOE 2, MINORS, AND ROBERT SULLIVAN, INDIVIDUALLY AND AS NEXT FRIEND JOHN DOE 3, A MINOR, Relators

**Original Proceeding from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 15-02671**

## MEMORANDUM OPINION

Before Justices Francis, Brown, and Whitehill
Opinion by Justice Francis

Before the Court are relators' petition for writ of mandamus, the response of real parties in interest, and relators' reply. In this original proceeding, relators complain that the trial court has failed to rule on the parties' motions for summary judgment on the preliminary legal issues of release and waiver. We conditionally grant the writ.

The underlying proceeding involves a premises liability action in which the parties agreed to litigate the legal issues of release and waiver before engaging in merits discovery. In accordance with that agreement, the trial court signed an order on November 5, 2015 continuing the initial trial setting, abating general discovery, limiting discovery to issues of release and waiver, and ordering the parties to file dispositive motions regarding release and waiver within ninety days of the order. The parties filed cross-motions for summary judgment, and the trial court heard those motions on July 1, 2016. The parties filed supplemental letter briefs following

the hearing and, in late August 2016, filed proposed orders. On April 10, 2017, relators filed a letter in the trial court asking if the court required additional briefing or a status conference to assist the court in ruling on the motions. On May 11, 2017, relators filed a motion for rulings on the motions. This original proceeding followed.

When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial judge to act. *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time, (2) the relator requested a ruling on the motion, and (3) the trial court refused to rule. *Stoner v. Massey*, 586 S.W.2d 843 (Tex. 1979); *In re Buholtz*, No. 05-16-01312-CV, 2017 WL 462361, at *1 (Tex. App.—Dallas Jan. 31, 2017, orig. proceeding); *Crouch v. Shields*, 385 S.W.2d 580, 582 (Tex. App.—Dallas 1964, writ ref'd n.r.e.).

A trial court is required to consider and rule upon a motion within a reasonable time. *Safety–Kleen Corp.*, 945 S.W.2d at 269. No litigant is entitled to a hearing at whatever time he may choose, however. *In re Chavez*, 62 S.W.3d 225, 229 (Tex. App.—Amarillo 2001, orig. proceeding). A trial court has a reasonable time within which to consider a motion and to rule. *In re Craig*, 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding). Whether a reasonable time for the trial court to act has lapsed is dependent upon the circumstances of each case and no bright line separates a reasonable time period from an unreasonable one. *In re Shapira*, No. 05-16-00184-CV, 2016 WL 1756754, at *1 (Tex. App.—Dallas Apr. 29, 2016, orig. proceeding). Among the criteria included are the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial

and administrative matters which must be addressed first. *Id.*; *In re First Mercury Ins. Co.*, No. 13-13-00469-CV, 2013 WL 6056665, at *3 (Tex. App.—Corpus Christi Nov. 13, 2013, orig. proceeding).

Here, relators have shown that the trial court is aware of the motions; the trial court held a hearing on the motions, received proposed orders from the parties and received relators' formal request for ruling. The motions were heard more than a year ago and address preliminary legal issues that the parties want resolved before litigating the merits, and it has now been nearly three months since relators formally requested a ruling from the trial court. Under these circumstances, we conclude mandamus relief is appropriate. *See, e.g., In re First Mercury Ins. Co.*, 2013 WL 6056665 (three-month delay unreasonable). In their response, the real parties in interest, Jumpstreet8, Inc., Jumpstreet, Inc., and Jumpstreet Construction, Inc. (collectively Jumpstreet) acknowledge that all the parties want the trial court to rule on the motions. JumpStreet argues, however, that this proceeding is moot because Jumpstreet has filed an amended motion for summary judgment. Relator responds that the petition is not moot because the amended motion for summary judgment was untimely filed after the dispositive motions deadline. The effect of the amended motion for summary judgment on the continued viability of Jumpstreet's original motion for summary judgment is not for this Court to decide. Rather, the issue presented is whether the trial court has a ministerial duty to rule on the parties' motions. The trial court has had more than a reasonable amount of time to consider and rule on the motions and, as such, has a ministerial duty to rule.

Accordingly, we conditionally grant the writ of mandamus. We order the trial court to make written rulings within fifteen (15) days of the date of this opinion on relators' cross-motion for partial summary judgment and the Jumpstreet parties' traditional motion for summary

judgment.  A writ will issue only if the trial court fails to comply with this opinion and the order of this date.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

170742F.P05