**DENY; and Opinion Filed November 16, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01310-CV

### IN RE VENKY VENKATRAMAN, Relator

**Original Proceeding from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-04-11968**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Myers, and Boatright
Opinion by Justice Lang-Miers

In this original proceeding, relator seeks a writ of mandamus to order the trial court to rule on his "Emergency Motion for Enforcement of Final Orders." We deny the relief requested.

" 'When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act,' and mandamus may issue to compel the trial judge to act." *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Buholtz*, No. 05-16-01312-CV, 2017 WL 462361, at *1 (Tex. App.—Dallas Jan. 31, 2017, orig. proceeding); *Crouch v. Shields*, 385 S.W.2d 580, 582 (Tex. App.—Dallas 1964, writ ref'd n.r.e.). To be properly filed and timely presented, a motion must be presented to a trial court at a time when the court has authority to act on the motion. *See In re*

*Hogg–Bey*, No. 05–15–01421–CV, 2015 WL 9591997, at *1–2 (Tex. App.—Dallas Dec. 30, 2015, orig. proceeding) (mem. op., not designated for publication). It is relator's burden to provide the court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); TEX. R. APP. P. 52.3(k), 52.7(a). Relator has not met that burden here.

Relator filed the emergency motion on October 4, 2016. The trial court purportedly heard the emergency motion at a May 1, 2017 hearing. E-mail correspondence with the court coordinator shows that the trial judge signed two orders on October 20, 2017 and those orders are the only orders the judge planned to sign regarding the matters heard at the May 1, 2017 hearing. Relator contends the judge did not sign relator's proposed order regarding the emergency motion. The mandamus record does not include the two orders the trial judge signed or relator's proposed order. The record, therefore, does not confirm that relator presented the proposed order for signature or that the trial judge failed to rule on relator's motion. Further, the mandamus record does not include a copy of the court's docket sheet or a hearing notice setting the emergency motion for hearing. As such, the record does not confirm that the motion was actually set for hearing and heard on May 1, 2017.

Relator has not shown that he timely presented the emergency motion and proposed order to the trial court, nor has he shown that the trial court refused to rule on the emergency motion. Relator is, therefore, not entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

171310F.P05

–2–