**Denied and Opinion Filed November 22, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01330-CV

### IN RE VENKY VENKATRAMAN, Relator

**Original Proceeding from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF04-11968**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Boatright
Opinion by Justice Myers

In this original proceeding, relator seeks a writ of mandamus ordering the trial court to rule on relator's October 4, 2016 "Emergency Motion for Enforcement of Final Orders." We deny the relief requested.

"'When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act,' and mandamus may issue to compel the trial judge to act." *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Buholtz*, No. 05-16-01312-CV, 2017 WL 462361, at \*1 (Tex. App.—Dallas Jan. 31, 2017, orig. proceeding); *Crouch v. Shields*, 385 S.W.2d 580, 582 (Tex. App.—Dallas 1964, writ ref'd n.r.e.).

The trial court held a hearing on the emergency motion and all outstanding motions on May 1, 2017. The trial court signed two orders on October 20, 2017 related to the motions heard on May 1, 2017. The October 20, 2017 order denying relator's motion to reduce child support includes a Mother Hubbard clause stating that "all relief requested in this case and not expressly granted is denied." When there has been a full trial on the merits, either to the bench or before a jury, the inclusion of a "Mother Hubbard" clause, e.g., "all relief not granted is denied," indicates the trial court's intention to dispose of the entire matter and thus signifies finality. *Scott Pelley P.C. v. Wynne*, No. 05-15-01560-CV, 2017 WL 3699823, at *28 (Tex. App.—Dallas Aug. 28, 2017, pet. filed). Here, the Mother Hubbard clause either expressly denied the emergency motion or had the effect of denying the emergency motion. *See id.* (judgment entered after trial had the effect of denying motion for sanctions by including statement that the trial court signed a final judgment stating that "[a]ll other relief not expressly granted is denied.").

Accordingly, we deny the petition for writ of mandamus because the record shows that the trial court denied the Emergency Motion for Enforcement of Final Orders and has, therefore, not failed to perform a ministerial duty.

171330F.P05

/Lana Myers/
LANA MYERS
JUSTICE

–2–