**Denied and Opinion Filed September 4, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00992-CV

## IN RE LOUISE DAVIS, Relator

Original Proceeding from the 298th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-16-13843

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Bridges

In this original proceeding, relator seeks a writ of mandamus directing the trial court to rule on relator's motion for summary judgment and the real party in interest's motion for summary judgment, which were heard by the trial court on February 7, 2018 and May 25, 2018 respectively. Relator avers that the motions present purely legal questions to the trial court and, therefore, the trial court has failed to rule on the motions within a reasonable time. We deny the petition without prejudice.

When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial judge to act. *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time, (2) the relator requested a ruling on the motion, and (3) the trial court refused

to rule. *Stoner v. Massey*, 586 S.W.2d 843 (Tex. 1979); *In re Buholtz*, No. 05-16-01312-CV, 2017 WL 462361, at *1 (Tex. App.—Dallas Jan. 31, 2017, orig. proceeding); *Crouch v. Shields*, 385 S.W.2d 580, 582 (Tex. App.—Dallas 1964, writ ref'd n.r.e.).

No litigant is entitled to a hearing at whatever time he may choose, however. *In re Chavez*, 62 S.W.3d 225, 229 (Tex. App.—Amarillo 2001, orig. proceeding). A trial court has a reasonable time within which to consider a motion and to rule. *In re Craig*, 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding). Whether a reasonable time for the trial court to act has lapsed is dependent upon the circumstances of each case and no bright line separates a reasonable time period from an unreasonable one. *In re Shapira*, No. 05-16-00184-CV, 2016 WL 1756754, at *1 (Tex. App.—Dallas Apr. 29, 2016, orig. proceeding). Among the criteria included are the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, the existence of other judicial and administrative matters which must be addressed first, and the trial court's inherent power to control its own docket. *Id.*; *In re Blakeney*, 254 S.W.3d 659, 663 (Tex. App.—Texarkana 2008, orig. proceeding).

Here, although the trial court heard the parties' competing motions on February 7, 2018 and May 25, 2018, the trial judge requested supplemental briefing following the May 25, 2018 hearing. The parties filed the supplemental briefing on June 6, 2018, and relator asked the trial court for a ruling "forthwith" on July 10, 2018. Under this record, we cannot say that the trial court has refused to rule on the motions or failed to rule within a reasonable time following receipt of the supplemental briefing and relator's request for ruling.

Accordingly, we deny relator's petition for writ of mandamus without prejudice.

        /David L. Bridges/
        DAVID L. BRIDGES
        JUSTICE

180992F.P05